JUDGE KAPLAN       11 CV       0433

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,<br><br>      **Plaintiff,**<br><br>  v.<br><br>MYSPACE, INC.,<br><br>      **Defendant.** | Index No.: _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Cory Hubbard ("Plaintiff"), individually and on behalf of a class of all others similarly situated (the "Class"), brings this action against MySpace, Inc. ("MySpace" or "Defendant"). Plaintiff's allegations are based upon knowledge as to his own acts and upon information and belief as to all other matters. Plaintiff's information and belief is based upon, among other things, an investigation undertaken by his counsel, which included, without limitation: (a) interviews of witnesses, (b) review of the Company's published materials and information available on the internet; and (c) analysis of public records and documents. Plaintiff believes that additional substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## PRELIMINARY STATEMENT

1.  This is a class action lawsuit against MySpace for improperly and voluntarily disclosing certain personal and private information and data in violation of the privacy rights of visitors, members or users of MySpace services ("MySpace Users").

2.      As alleged herein, MySpace disclosed personal and private information and data of MySpace Users to law enforcement and other government entities without the users' knowledge or authorization and without valid and enforceable legal process.

3.      The impermissibly disclosed personal and private information and data included, but was not limited to, some or all of the following: full name, mailing address, telephone number, credit card number, gender, relationships, date account created, account status, email address, the content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, contact lists, photos, videos, files, website posts, registration from Internet Protocol (IP), date IP registered, IP address at account sign-up, login IP addresses, logs showing IP address and date stamps for account accesses, and other IP address information.

4.      MySpace's unlawful disclosure of personal and private information and data violates MySpace Users' rights under federal and state statutes as well as common law.

5.      Plaintiff, on behalf of himself and all other similarly situated, seeks monetary damages, including statutory damages, punitive damages, equitable relief, attorneys' fees and expenses of litigation.

## **PARTIES**

6.      Plaintiff is a resident of the State of Georgia and a MySpace User.  On or about February 11, 2008, Plaintiff had his personal and private user information and data disclosed by MySpace to law enforcement and other government entities in violation of federal and state statutes and common law.

7.      Defendant MySpace, Inc. is a Delaware corporation that has its principal place of business located at 407 N. Maple Drive in Beverly Hills, California 90210. MySpace does

business and operates throughout the United States and may be properly served through its registered agent of service, CT Corporation System at 818 W. 7th Street in Los Angeles, California 90017.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(a) and 1332(d) because the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and more than two-thirds of the users of the putative class are citizens of states different than that of MySpace. Additionally, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

9.     Defendant MySpace is subject to the jurisdiction of this Court and venue is proper as a result of a choice of forum provision in MySpace's Terms of Use Agreement, which provides, in relevant part, "The Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of law provisions. You and MySpace agree to submit to the exclusive jurisdiction of the courts located within the State of New York to resolve any dispute arising out of the Agreement or the MySpace Services."

## STATEMENT OF FACTS

10.     MySpace operates http://www.myspace.com, which is a social networking platform that allows members to create unique personal profiles in order to find and communicate with old and new friends. MySpace is owned by News Corp., which in public filings reported that MySpace had nearly 70 million unique users in the United States and approximately 101 million unique users worldwide.

11.     The Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 and the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, set forth a system of statutory privacy rights for customers and users of internet business and consumer services providers, such as MySpace.

12.     The MySpace Terms of Use Agreement and MySpace Privacy Policy, collectively attached hereto as Exhibit A and incorporated herein by reference, set forth the rights of MySpace's Users concerning the collection, protection, use and disclosure of MySpace Users' personal and private information and data as required by law and by MySpace's applicable privacy policies.

13.     MySpace encourages MySpace Users to share personal and private information and data through the interaction with friends, and MySpace claims it protects user privacy as required by law and applicable privacy policies but indicates that it may be required to share personal and private information and data to comply with law or legal process.

14.     Although MySpace claims to conform with the strict requirements of the applicable federal statutes and other laws when releasing personal and private user information and data, MySpace routinely and unlawfully accepts as valid legal process from law enforcement and other government entities facsimile transmissions of search warrants signed by state magistrates and other state judges.

15.     Search warrants signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and when faxed or sent out of state, said search warrants are invalid, unenforceable and not deemed issued by a court of competent jurisdiction.

16.    MySpace's disclosure of a MySpace User's personal and private information and data in response to a foreign state search warrant is improper and violative of federal and state statutes and common law.

17.    Although MySpace claims to conform with the strict requirements of the applicable federal statutes and other laws when releasing personal and private user information and data, MySpace routinely and unlawfully accepts as valid legal process from law enforcement and other government entities facsimile transmissions of state grand jury or trial subpoenas, sometimes with express instructions on the face of the state subpoena to not provide notice of the subpoena to the MySpace User.

18.    State grand jury or trial subpoenas have no force and effect outside of the state of issuance, and when faxed or sent out of state, said subpoenas are invalid and unenforceable.

19.    MySpace's disclosure of a MySpace User's personal and private information and data in response to a state grand jury or trial subpoena is improper and violative of federal and state statutes and common law.

20.    Although MySpace claims to conform with the strict requirements of the applicable federal statutes and other laws when releasing personal and private user information and data, MySpace routinely and unlawfully produces personal and private information and data in response to letter requests from law enforcement and other government entities in lieu of proper service and response to grand jury subpoenas and/or search warrants signed by state magistrates and other state judges.

21.    The letters from law enforcement and other government entities requesting personal and private information referenced in the preceding paragraph are neither "warrants

issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction" nor administrative subpoenas authorized by a Federal or State statute nor Federal or State grand jury or trial subpoenas. Such letters do not constitute valid or enforceable legal process which would require or permit MySpace to produce personal and private information and data.

22.     MySpace's disclosure of a MySpace User's personal and private information and data in response to letter requests is improper and violative of federal and state statutes and common law.

23.     MySpace's disclosure of Plaintiff Hubbard's personal and private information and data is representative of the unlawful disclosures of personal and private information and data at issue in this lawsuit.

24.     On January 16, 2008, Sergeant Chris Haffner of the Cherokee County, Georgia Sheriff's Office faxed a search warrant signed by a Judge of the Magistrate Court of Cherokee County to the Custodian of Records of MySpace.com in Beverly Hills, California.

25.     The search warrant was facially invalid and enforceable, as it was not properly served on MySpace.

26.     The search warrant was facially invalid and not enforceable, as it purported to compel a response from a witness outside the State of Georgia.

27.     MySpace voluntarily produced the requested records, notwithstanding its actual knowledge that the search warrant was invalid and unenforceable.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of himself and the following Class:

All individuals in the United States, who are or were MySpace Users, and who have had personal and private information and data regarding their MySpace accounts disclosed to law enforcement and other government entities, without the users' knowledge or authorization and without and not in response to a valid subpoena, warrant or Court order at any time from January 20, 2006, to the present (the "Class Period").

29.     The Class is composed of numerous people, whose joinder in this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties and the Courts. Upon information and belief, there are hundreds, if not thousands, of persons in the Class, and the actual number, identities and contact information of the individual members of the Class can be ascertained through MySpace's records.

30.     There is a well-defined community of interest in questions of law and fact affecting the Class. These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

    a.  whether MySpace disclosed to law enforcement and other government entities personal and private information and data regarding Class members and their MySpace accounts;

    b.  whether MySpace disclosed to law enforcement and other government entities personal and private information and data regarding Class members and their MySpace accounts without a valid and enforceable search warrant;

    c.  whether MySpace disclosed to law enforcement and other government entities personal and private information and data regarding Class members and their

MySpace accounts without and not in response to a valid and enforceable grand jury subpoena;

d.  whether MySpace disclosed to law enforcement and other government entities personal and private information and data regarding Class members and their MySpace accounts without and not in response to a valid and enforceable Court order;

e.  whether MySpace's conduct described herein violated its Terms of Use, Privacy Policy and other representations to MySpace Users;

f.  whether MySpace's conduct described herein violates the ECPA;

g.  whether MySpace's conduct described herein violates the SCA;

h.  whether MySpace's conduct described herein violates New York's General Business Law § 349;

i.  whether MySpace's conduct described herein constitutes a public disclosure of private facts;

j.  whether MySpace's conduct described herein constitutes a breach of contract;

k.  whether MySpace's conduct described herein constitutes a breach of implied duty of good faith and fair dealing;

l.  whether Class members are entitled to damages as a result of MySpace's conduct described herein, and if so, what is the measure of those damages;

m. whether Class members are entitled to statutory damages as a result of MySpace's conduct described herein, and if so, what is the measure of those statutory damages; and

n. whether Class members are entitled to injunctive, declarative and monetary relief as a result of MySpace's conduct described herein.

31.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages arising out of MySpace's wrongful conduct as complained of herein. MySpace engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Class members. Similar or identical statutory and common law violations, business practices and injuries are involved. Individual questions, if any, pale by comparison to the numerous common questions that dominate.

32.     The injuries sustained by the Class members flow from a common nucleus of operative facts.  In each case, MySpace disclosed to law enforcement and other government entities personal and private information and data regarding Class members and their MySpace accounts without valid and enforceable legal process.

33.     Given the similar nature of the Class members' claims and absence of material differences in the statutes and common law upon which the Class members' claims are based, a nationwide class will be easily managed by the Court and the parties as the identities of the Class members are known to MySpace, and damages, including the applicable statutory damages, can be calculated to a reasonable certainty.

34.     Because of the relatively small size of the Class members' claims and given the significant expense required to prosecute the foregoing claims against MySpace, no Class member could afford to seek legal redress on an individual basis.

35.     Plaintiff is not aware of any litigation concerning this controversy that has already been initiated by any members of this Class.

36.     Plaintiff's claims are typical of those of the Class as all members of the Class are similarly affected by MySpace's uniform and actionable conduct described herein.

37.     MySpace has acted and failed to act on grounds generally applicable to Plaintiff and other Class members requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class members.

38.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and complex litigation. Plaintiff has no interests antagonistic to, or in conflict with, those of the Class they seek to represent.

39.     Plaintiff reserves the right to revise the above class definition based on facts learned in discovery.

## COUNT ONE

### (Violation of the Electronic Communications Privacy Act)

40.     Plaintiff, on behalf of himself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

41.     The ECPA broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce…" 18 U.S.C. § 2510(12).

42.     The ECPA also broadly defines the contents of a communication. Pursuant to the ECPA, "contents" of a communication, when used with respect to any wire, oral, or electronic communications, include any information concerning the substance, purport, or meaning of that

communication. 18 U.S.C. § 2510(8). "Contents," when used with respect to any wire or oral communication, includes any information concerning the identity of the parties to such communication or the existence, substance, purport, or meaning of that communication. The definition thus includes all aspects of the communication itself. No aspect, including the identity of the parties, the substance of the communication between them, or the fact of the communication itself, is excluded. The privacy of the communication to be protected is intended to be comprehensive.

43.     Pursuant to the ECPA, "electronic storage" means any "temporary storage of a wire or electronic communication incidental to the electronic transmission thereof; and any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17).

44.     Pursuant to the ECPA, MySpace holds its MySpace Users' private information and data in electronic storage within the meaning of 18 U.S.C. § 2510(17).

45.     Pursuant to the ECPA, MySpace operates an "electronic communications service" as defined in 18 U.S.C. § 2510(15).

46.     MySpace's Users' contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information are electronic communications within the meaning of 18 U.S.C. § 2510(12).

47.     By disclosing users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration,

email and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable warrant issued by a court of competent jurisdiction, MySpace knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) and (c).

48.     By disclosing MySpace Users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable warrant issued by a court of competent jurisdiction, MySpace knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of MySpace Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

49.     By disclosing users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable grand jury subpoena, MySpace knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

50.     By disclosing MySpace Users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the

MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable grand jury subpoena, MySpace knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of MySpace's Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

51.     By disclosing users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable court order issued by a court of competent jurisdiction, MySpace knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) and (c).

52.     By disclosing MySpace Users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable court order issued by a court of competent jurisdiction, MySpace knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of MySpace Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

53.     MySpace is not a party to any of the above-mentioned communications, nor have any of the parties to the communications given prior consent to MySpace's interception or divulging of those communications as defined by 18 U.S.C. § 2511(2)(d).

54.     MySpace engaged in the foregoing acts and omissions without first being served with and not in response to a valid and enforceable warrant issued by a court of competent jurisdiction.

55.     MySpace engaged in the foregoing acts and omissions without first begin served with and not in response to a valid and enforceable grand jury subpoena.

56.     MySpace engaged in the foregoing acts and omissions without first being served with and not in response to a valid and enforceable court order issued by a court of competent jurisdiction.

57.     None of the foregoing acts and omissions taken by MySpace were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(2).

58.     None of the foregoing acts and omissions taken by MySpace were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(3)(b).

59.     None of the foregoing acts and omissions taken by MySpace were based on a valid and enforceable warrant or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

60.     None of the foregoing acts and omissions taken by MySpace were based on a valid and enforceable grand jury subpoena or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

61.     None of the foregoing acts and omissions taken by MySpace were based on a valid and enforceable court order or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

62.     None of the foregoing acts and omissions taken by MySpace were based on valid and enforceable legal process or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

63.     Each incident in which MySpace divulged personal and private information and data of MySpace Users is a separate and distinct violation of the ECPA.

64.     MySpace's disclosures of its users' personal and private information and data were willful and intentional.

65.     Plaintiff, on behalf of himself and the Class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate Pursuant to 18 U.S.C. § 2520(b)(1).

66.     Plaintiff, on behalf of himself and the Class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2520(b)(2).

67.     Plaintiff, on behalf of himself and the Class, is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2520(b)(3).

68.     Plaintiff, on behalf of himself and the Class, is entitled to statutory damages in the amount of not less than $10,000.00 per Class member as provided by 18 U.S.C. § 2520(c)(2).

## COUNT TWO

### (Violations of the Stored Communications Act)

69.     Plaintiff, on behalf of himself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

70.     The SCA sets forth a system of statutory privacy rights for customers and users of electronic communications service providers and remote computing service providers such as MySpace.

71.     18 U.S.C § 2702 regulates voluntary disclosure by internet service providers of customer communications and records, including specific prohibitions.

72.     Pursuant to the SCA, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage on that service." 18 U.S.C § 2702(a)(1).

73.     Pursuant to the SCA "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service." 18 U.S.C § 2702(a)(2).

74.     18 U.S.C. § 2703 articulates the steps that federal and state law enforcement officers and other government entities must follow to compel providers to disclose the content of stored wire or electronic communications and other personal and private information and data.

75.     Pursuant to 18 U.S.C. § 2703(c), a law enforcement officer can compel disclosure after obtaining a warrant issued by a court of competent jurisdiction.

76. Search warrants, however, signed by state magistrates and other state judges are invalid, unenforceable and have no force and effect outside of the state of issuance, and therefore those search warrants are not issued by a court of competent jurisdiction.

77. MySpace's disclosure of a MySpace User's personal and private information and data in response to or in lieu of response to a foreign state search warrant is improper and violative of the SCA.

78. By disclosing a MySpace Users' personal and private information and data in response to or in lieu of response to a foreign state search warrant that has no force and effect outside of the state of issuance, MySpace knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. §2702(a)(1).

79. Pursuant to 18 U.S.C. § 2703, law enforcement and other government entities can compel disclosure after obtaining a valid grand jury or trial subpoena and with notice of the subpoena to the user.

80. State grand jury or trial subpoenas are invalid, unenforceable and have no force and effect outside of their state of issuance and cannot be used or served in another state to compel a provider in the foreign state to give testimony or produce records.

81. MySpace's disclosure of a MySpace User's personal and private information and data in response to or in lieu of response to a foreign state grand jury or trial subpoena is improper and violative of the SCA.

82. By disclosing a MySpace Users' personal and private information and data in response to or in lieu of response to a foreign state grand jury or trial subpoena that is invalid,

unenforceable and has no force and effect outside of the state of issuance, MySpace knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. §2702(a)(1).

83.     MySpace provides remote computing services to the public as defined in 18 U.S.C. § 2711(2) because it provides computer storage or processing services by means of an electronic communications system.

84.     MySpace carries and maintains its MySpace Users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information on behalf of the MySpace Users.

85.     MySpace carries and maintains some of its MySpace Users' personal and private information and data, contact lists, friends, relationships, content of email communications, content of private messages in the MySpace User's Inbox and sent mail folders, photos, videos, files, website posts, registration, email and other IP address information solely for the purpose of providing storage and computer processing services to its users. MySpace is not authorized to access this information for purposes other than providing storage and computer processing.

86.     By engaging in the foregoing acts and omissions, MySpace knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications that are carried and maintained by MySpace on behalf of, and received by transmission from, MySpace Users in violation of 18 U.S.C. § 2702(a)(2).

87.     MySpace's knowing, willful, unlawful, and intentional disclosure of the contents of communications that are carried and maintained by MySpace on behalf of, and received by transmission from, MySpace Users were not made pursuant to any exceptions to the prohibitions against disclosure as set forth in 18 U.S.C. § 2702(b).

88.     MySpace also engaged in the foregoing acts and omissions without first being served with a valid and enforceable warrant issued by a court of competent jurisdiction as required by 18 U.S.C. § 2703.

89.     MySpace also engaged in the foregoing acts and omissions without first being served with a valid and enforceable grand jury or trial subpoena as required by 18 U.S.C. § 2703.

90.     MySpace engaged in the foregoing acts and omissions without first being served with a valid and enforceable court order issued by a court of competent jurisdiction as required by 18 U.S.C. § 2703.

91.     MySpace also engaged in the foregoing acts and omissions without prior notice from the government entity to the user as required by 18 U.S.C. § 2703.

92.     None of the foregoing acts and omissions taken by MySpace were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(b).

93.     None of the foregoing acts and omissions taken by MySpace were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(c).

94.    None of the foregoing acts and omissions taken by MySpace were based on a valid and enforceable grand jury subpoena or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

95.    None of the foregoing acts and omissions taken by MySpace were based on a valid and enforceable court warrant or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

96.    None of the foregoing acts and omissions taken by MySpace were based on a valid and enforceable court order or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

97.    None of the foregoing acts and omissions taken by MySpace were based on valid and enforceable legal process or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

98.    None of the foregoing acts and omissions taken by MySpace were in accordance with a valid and enforceable subpoena as to preclude a cause of action against MySpace as set forth in 18 U.S.C. § 2703(e).

99.    None of the foregoing acts and omissions taken by MySpace were in accordance with a valid and enforceable court warrant as to preclude a cause of action against MySpace as set forth in 18 U.S.C. § 2703(e).

100.    None of the foregoing acts and omissions taken by MySpace were in accordance with a valid and enforceable court order as to as to preclude a cause of action against MySpace as set forth in 18 U.S.C. § 2703(e).

101.    None of the foregoing acts and omissions taken by MySpace were in accordance with a valid and enforceable legal process or anything else as to preclude a cause of action against MySpace as set forth in 18 U.S.C. § 2703(e).

102.    Each incident in which MySpace divulged personal and private data and information of MySpace Users is a separate and distinct violation of the SCA.

103.    MySpace's disclosures of its users' personal and private data and information were willful and intentional.

104.    Plaintiff, on behalf of himself and the Class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate pursuant to 18 U.S.C. § 2707(b)(1).

105.    Plaintiff, on behalf of himself and the Class, is entitled to a reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2707(b)(3).

106.    Plaintiff, on behalf of himself and the Class, is entitled to recover monetary damages including actual damages,   and statutory damages in the amount of not less than $1,000.00 per Class member as provided by 18 U.S.C. § 2707(c).

107.    Plaintiff, on behalf of himself and the Class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2707(c).

## COUNT THREE

### (Violation of New York General Business Law § 349)

108.    Plaintiff, on behalf of himself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

109.    Through the acts, omissions and practices described herein, MySpace has engaged in deceptive acts and practices that resulted in injury to Plaintiff and the Class.

110.    MySpace has violated N.Y. Gen. Bus. Law § 349 prohibiting deceptive trade practices and consumer fraud.

111.    Plaintiff and the Class have suffered harm as a result of MySpace's violations, including suffering the public disclosure of their private information.

112.    Upon information and belief, MySpace continues to knowingly disclose personal and private data and information of MySpace Users to law enforcement and other government entities without the user's knowledge or authorization, without being required to do so by law, and without a valid and enforceable grand jury subpoena, warrant or Court order. There is no indication that MySpace will stop this conduct in the future. MySpace's unlawful and unfair business practices will continue to cause harm to Plaintiff and members of the Class.

113.    MySpace is liable to Plaintiff and members of the Class for the damages resulting from said unlawful disclosures during the Class Period, plus attorneys' fees as well as such other and further relief as the Court deems appropriate.

## COUNT FOUR

### (Public Disclosure of Private Facts)

114.    Plaintiff, on behalf of himself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

115.    By its conduct, MySpace has knowingly and intentionally caused the public disclosure of private facts concerning Plaintiff and members of the Class. These private facts are ones that a reasonable person would not wish disclosed and that are not newsworthy.

116.     Plaintiff and members of the Class have suffered harm as a result of MySpace's public disclosure of private facts about them.

117.     Plaintiff and members of the Class are entitled to actual and punitive damages and injunctive relief for these torts.

## COUNT FIVE

### (Breach of Contract)

118.     Plaintiff, on behalf of himself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

119.     In order to register for and use its MySpace services, MySpace required that Plaintiff and the Class affirmatively assent to its Terms of Use and Privacy Policy (the "Agreement") regarding the disclosure of its users' personal and private information and data.

120.     The Agreement sets forth the rights of MySpace Users concerning the collection, protection, use and disclosure of a MySpace User's personal and private information and data as required by law and by MySpace's applicable privacy policies.

121.     Plaintiff and the Class were the intended beneficiaries of such Agreement.

122.     The Agreement's provisions constitute a valid and enforceable contract between Plaintiff and the Class on the one hand, and MySpace on the other.

123.     MySpace breached the Agreement by disclosing MySpace Users' personal and private information and data to law enforcement and other government entities without the user's knowledge or authorization, without being required to do so by law, and without a valid and enforceable grand jury subpoena, warrant or Court order.

124.    As a beneficiary of the Agreement with MySpace, Plaintiff, on behalf of himself and the Class, asserts this breach of contract claim against MySpace.

125.    MySpace is liable to Plaintiff and members of the Class for the damages resulting from said unlawful disclosures in violation of the Agreement during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

126.    All conditions precedent to bringing this Count have been completed, performed and/or waived.

## COUNT SIX

### (Breach of Duty of Good Faith and Fair Dealing)

127.    Plaintiff, on behalf of himself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

128.    Every contract implies a covenant or duty of good faith and fair dealing in the performance of the agreement and its enforcement, including MySpace's Agreement with its MySpace Users regarding the disclosure of MySpace Users' personal and private information and data.

129.    Under the duty of good faith and fair dealing, both parties to a contract impliedly promise to perform their promises and provide such cooperation as is required for the other party's performance.

130.    Under the duty of good faith and fair dealing, both parties to a contract impliedly promise compliance with the spirit, and not merely the letter, of a contract.

131.    Plaintiff and the Class reasonably relied on MySpace to comply with its duty of good faith and fair dealing with regard to the terms of the Agreement.

132.    MySpace has a duty to exercise good faith in its protection of its MySpace Users' personal and private information and data by requiring a valid and enforceable grand jury subpoena, warrant or Court order prior to disclosure of its users' personal and private information and data.

133.    MySpace breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges, which are invalid, unenforceable and have no force and effect outside of their state of issuance.

134.    MySpace breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of state grand jury or trial subpoenas, which are invalid, unenforceable and have no force and effect outside of their state of issuance.

135.    MySpace is liable to Plaintiff and members of the Class for the damages resulting from said breach of implied duty of good faith and fair dealing during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

136.    All conditions precedent to bringing this Count have been completed, performed and/or waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays that the Court enter judgment and grant the following relief to Plaintiff and the Class:

(a)     Certify this case as a class action on behalf of the Class defined above, appoint Plaintiff as class representative, and appoint his counsel as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)     Declare that MySpace's actions, as described herein, violate the ECPA (18 U.S.C. § 2510 *et seq.*), the SCA (18 U.S.C. § 2701 *et seq.*), N.Y. Gen. Bus. Law § 349, and constitute public disclosure of private facts, breach of contract, and breach of duty of good faith and fair dealing;

(c)     Award injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, an order prohibiting MySpace from engaging in the wrongful and unlawful acts described herein;

(d)     Award damages, including statutory damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

(e)     Award all economic, monetary, actual, consequential, and compensatory damages caused MySpace's conduct, and if its conduct is proved willful, award Plaintiff and the Class exemplary damages;

(f)     Award restitution against MySpace for all money to which Plaintiff and the Class are entitled in equity;

(g)     Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

(h)     Award Plaintiff and the Class pre-judgment and post-judgment interest, to the extent allowable; and

(i)      Award such other and further relief allowed by law as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 20, 2010

Respectfully submitted,

**HARWOOD FEFFER LLP**

_____

Robert I. Harwood
Jeffrey M. Norton
488 Madison Ave.
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
jnorton@hfesq.com

**LAW OFFICE OF JOSHUA A. MILLICAN, P.C.**
Joshua A. Millican
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com

**BILLIPS & BENJAMIN LLP**
Matthew C. Billips
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
Telephone: (770) 859-0751
Facsimile: (770) 859-0752
billips@bandblawyers.com

**GREENFIELD MILLICAN P.C.**
Lisa T. Millican
607 The Grant Building
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133
lisa.millican@lawofficepc.com

*Counsel for Plaintiff*

# Exhibit A

Themes
What's New
Login
Sign up
Help

# MySpace.com Terms of Use Agreement
## June 25, 2009

MySpace, Inc. ("MySpace" or "we") operates MySpace.com, which is a social networking platform that allows Members to create unique personal profiles online in order to find and communicate with old and new friends. The services offered by MySpace include any MySpace-branded URL (the "MySpace Website"), MySpace messaging services (including, without limitation, instant messaging, private messaging, and email services), MySpace music and video services, MySpace developer services, MySpace mobile services, and any other features, content, or applications offered from time to time by MySpace in connection with MySpace's business (collectively, the "MySpace Services"). The MySpace Services are hosted in the United States.

This Terms of Use Agreement, as may be modified from time to time, ("Agreement") constitutes legally binding terms and applies to your use of the MySpace Services. By accessing and/or using the MySpace Services, you agree to be bound by this Agreement, whether you are a "Visitor" (which means that you simply browse the MySpace Services, including, without limitation, through a mobile or other wireless device, or otherwise use the MySpace Services without being registered) or you are a "Member" (which means that you have registered with MySpace). The term "User" refers to a Visitor or a Member. You are authorized to use the MySpace Services (regardless of whether your access or use is intended) only if you agree to abide by all applicable laws, rules and regulations ("Applicable Law") and the terms of this Agreement. In addition, in consideration for becoming a Member and/or making use of the MySpace Services, you must indicate your acceptance of this Agreement during the registration process.

MySpace reserves the right to modify this Agreement at any time and from time to time, and each such modification shall be effective upon posting on the MySpace Services. All material modifications will apply prospectively only. Your continued use of the MySpace Services following any such modification constitutes your agreement to be bound by and your acceptance of the Agreement as so modified. It is therefore important that you review this Agreement regularly. If you do not agree to be bound by this Agreement and to abide by all Applicable Law, you must discontinue use of the MySpace Services immediately. You may receive a copy of this Agreement by contacting us at our Help site.

## 1. Eligibility

Use of the MySpace Services and registration to be a Member for the MySpace Services ("Membership") is void where prohibited. By using the MySpace Services, you represent and warrant that (a) all registration information you submit is truthful and accurate; (b) you will maintain the accuracy of such information; (c) you are 13 years of age or older; and (d) your use of the MySpace Services does not violate any Applicable Law. Your profile may be deleted and your Membership may be terminated without warning, if we believe that you are under 13 years of age, if we believe that you are under 18 years of age and you represent yourself as 18 or older, or if we believe you are over 18 and represent yourself as under 18.

## 2. Term

This Agreement, and any posted revision to this Agreement, shall remain in full force and effect while you use the MySpace Services or are a Member. You may terminate your Membership at any time, for any reason, by following the instructions on the Member's Account Settings page. MySpace may terminate your Membership at any time, for any or no reason, with or without prior notice or explanation, and without liability. In addition, MySpace reserves the right, in its sole discretion, to reject, refuse to post or remove any posting (including, without limitation, private messages, emails and instant messages (collectively, "messages")) by you, or to deny, restrict, suspend, or terminate your access to all or any part of the MySpace Services at any time, for any or no reason, with or without prior notice or explanation, and without liability. In addition, MySpace reserves the right, in its sole discretion, to reassign or rename your profile URL. MySpace expressly reserves the right to remove your profile and/or deny, restrict, suspend, or terminate your access to all or any part of the MySpace Services if MySpace determines, in its sole discretion, that you have violated this Agreement or pose a threat to MySpace, its employees, business partners, Users and/or the public. Even after Membership is terminated, this Agreement will remain in effect, including, without limitation, Sections 5-18.

## 3. Fees

You acknowledge that MySpace reserves the right to charge for any portion of the MySpace Services and to change its fees (if any) from time to time in its discretion. If MySpace terminates your Membership because you have breached the Agreement, you shall not be entitled to the refund of any unused portion of fees or payments (if any).

## 4. Password

When you sign up to become a Member, you will also be asked to choose a password. You are entirely responsible for maintaining the confidentiality of your password. You agree not to use the account, username, email address or password of another Member at any time or to disclose your password to any third party. You agree to notify MySpace immediately if you suspect any unauthorized use of your account or access to your password. You are solely responsible for any and all use of your account.

## 5. Use by Members

The MySpace Services are for the personal use of Members and may only be used for direct commercial purposes if they are specifically endorsed or authorized by MySpace. MySpace reserves the right to remove commercial content in its sole discretion. Illegal and/or unauthorized use of the MySpace Services, including, without limitation, collecting usernames, user id numbers, and/or email addresses of Members by electronic or other means for the purpose of sending unsolicited email or unauthorized framing of or linking to the MySpace Services, or employing third party promotional sites or software to promote profiles for money, is prohibited. Commercial advertisements, affiliate links, and other forms of unauthorized data collection or solicitation may be removed from Member profiles without notice or explanation and may result in termination of Membership privileges. MySpace reserves the right to take appropriate legal action, including, without limitation, referral to law enforcement, for any illegal or unauthorized use of the MySpace Services.

## 6. Proprietary Rights in Content on MySpace

MySpace does not claim any ownership rights in the text, files, images, photos, video, sounds, musical works, works of authorship, applications, or any other materials (collectively, "Content") that you transmit, submit, display or publish ("post") on, through or in connection with the MySpace Services. After posting your Content on, through or in connection with the MySpace Services, you continue to retain any such rights that you may have in your Content, subject to the limited license herein. By posting any Content on, through or in connection with the MySpace Services, you hereby grant to MySpace a limited license to use, modify, delete from, add to, publicly perform, publicly display, reproduce, and distribute such Content solely on, through or in connection with the MySpace Services, including, without limitation, through the MySpace Services to applications, widgets, websites or mobile, desktop or other services which are linked with your MySpace account (collectively, "Linked Services"), including, without limitation, distributing part or all of the MySpace Services and any Content included therein, in any media formats and through any media channels, except that Content marked "private" will not be distributed by MySpace outside the MySpace Services and Linked Services. This limited license does not grant MySpace the right to sell or otherwise distribute your Content outside of the

MySpace Services or Linked Services. After you remove your Content from the MySpace Services we will cease distribution as soon as practicable, and at such time when distribution ceases, the license will terminate. If after we have distributed your Content outside of the MySpace Services, you change the Content's privacy setting to "private," we will cease distribution of such "private" Content outside of the MySpace Services as soon as practicable after you make the change. Notwithstanding the foregoing, you understand and agree that once Content is distributed to a Linked Service or incorporated into other aspects of the MySpace Services, MySpace is under no obligation to delete or ask other Users or a Linked Service to delete that Content, and therefore it may continue to appear and be used indefinitely.

The license you grant to MySpace is non-exclusive (meaning you are free to license your Content to anyone else in addition to MySpace), fully-paid and royalty-free (meaning that MySpace is not required to pay you or anyone else deriving rights from you for the use on the MySpace Services of the Content that you post), sublicensable (so that MySpace is able to use its affiliates, subcontractors and other partners such as Internet content delivery networks and wireless carriers to provide the MySpace Services), and worldwide (because the Internet and the MySpace Services are global in reach).

You represent and warrant that: (i) you own the Content posted by you on, through or in connection with the MySpace Services, or otherwise have the right to grant the license set forth in this Section 6, and (ii) the posting of your Content on, through or in connection with the MySpace Services and/or Linked Services does not violate the privacy rights, publicity rights, copyrights, contract rights or any other rights of any person or entity. You agree to pay for all royalties, fees, and any other monies owing any person or entity by reason of the use of any Content posted by you on or through the MySpace Services and/or Linked Services.

The MySpace Services contain Content of MySpace ("MySpace Content"). MySpace Content is protected by copyright, trademark, patent, trade secret and other laws, and MySpace owns and retains all rights in the MySpace Content and the MySpace Services. MySpace hereby grants you a limited, revocable, nonsublicensable license to reproduce and display the MySpace Content (excluding any software code) solely for your personal use in connection with viewing the MySpace Website and using the MySpace Services. The MySpace Services contain Content of Users and other MySpace licensors. Except as provided within this Agreement, you may not copy, modify, translate, publish, broadcast, transmit, distribute, perform, display, sell or otherwise use any Content appearing on or through the MySpace Services.

MySpace performs technical functions necessary to offer the MySpace Services, including, but not limited to, the technical processing and transmission of email communications to perform the email service, and transcoding and/or reformatting Content to allow its use throughout the MySpace Services. In addition, you agree and acknowledge that MySpace may send messages including, but not limited to, notifications, special offers, promotions, commercial advertisements, and marketing materials, in connection with the MySpace Services. You can control what type of communications you receive from the MySpace Services by logging into your account and choosing the appropriate notifications settings or by following the unsubscribe instructions contained at the bottom of commercial emails.

MySpace reserves the right to limit the storage capacity of Content that you post on, through or in connection with the MySpace Services.

## 7. Content Posted

Please choose carefully the information that you post on, through or in connection with the MySpace Services and that you provide to other Users. Your MySpace profile may not include any form of Prohibited Content, as outlined in Section 8 below. Despite this prohibition, information, materials, products or services provided by other MySpace Members (for instance, in their profiles) or Linked Services may, in whole or in part, be unauthorized, impermissible or otherwise violate this Agreement, and MySpace assumes no responsibility or liability for this material. If you become aware of misuse of the MySpace Services by any person or Linked Service, please click on the "Contact MySpace" or the "Report Abuse" link at the bottom of the MySpace Website pages.

MySpace may reject, refuse to post or delete any Content for any or no reason, including, but not limited to, Content that in the sole judgment of MySpace violates this Agreement or which may be offensive, illegal or violate the rights of any person or entity, or harm or threaten the safety of any person or entity. MySpace assumes no responsibility for monitoring the MySpace Services for inappropriate Content or conduct. If at any time MySpace chooses, in its sole discretion, to monitor the MySpace Services, MySpace nonetheless assumes no responsibility for the Content, no obligation to modify or remove any inappropriate Content, and no responsibility for the conduct of the User submitting any such Content.

You are solely responsible for the Content that you post on, through or in connection with any of the MySpace Services, and any material or information that you transmit to other Members and for your interactions with other Users.

## 8. Content/Activity Prohibited

The following are examples of the kind of Content that is illegal or prohibited to post on, through or in connection with the MySpace Services. MySpace reserves the right to investigate and take appropriate legal action against anyone who, in MySpace's sole discretion, violates this provision, including, without limitation, removing the offending Content from the MySpace Services, terminating the Membership of such violators and/or reporting such Content or activities to law enforcement authorities. Prohibited Content includes, but is not limited to, Content that, in the sole discretion of MySpace:

is patently offensive or promotes or otherwise incites racism, bigotry, hatred or physical harm of any kind against any group or individual;

harasses or advocates harassment of another person;

exploits people in a sexual or violent manner;

contains nudity, excessive violence, or offensive subject matter or contains a link to an adult website;

solicits or is designed to solicit personal information from anyone under 18;

publicly posts information that poses or creates a privacy or security risk to any person;

constitutes or promotes information that you know is false or misleading or promotes illegal activities or conduct that is abusive, threatening, obscene, defamatory or libelous;

constitutes or promotes an illegal or unauthorized copy of another person's copyrighted work, such as providing pirated computer programs or links to them, providing information to circumvent manufacturer-installed copy-protect devices, or providing pirated music or links to pirated music files;

involves the transmission of "junk mail," "chain letters," or unsolicited mass mailing, instant messaging, "spimming," or "spamming";

contains restricted or password only access pages or hidden pages or images (those not linked to or from another accessible page);

furthers or promotes any criminal activity or enterprise or provides instructional information about illegal activities including, but not limited to, making or buying illegal weapons, violating someone's privacy, or providing or creating computer viruses;

solicits or is designed to solicit passwords or personal identifying information for commercial or unlawful purposes from other Users;

involves commercial activities and/or sales without prior written consent from MySpace such as contests, sweepstakes, barter, advertising, or pyramid schemes;

includes a photograph or video of another person that you have posted without that person's consent;

for band, comedy, filmmaker and other profiles, uses sexually suggestive imagery or any unfair, misleading or deceptive Content intended to draw traffic to the profile; or

violates or attempts to violate the privacy rights, publicity rights, copyrights, trademark rights, contract rights or any other rights of any person.

The following are examples of the kind of activity that is illegal or prohibited on the MySpace Website and through your use of the MySpace Services. MySpace reserves the right to investigate and take appropriate legal action against anyone who, in MySpace's sole discretion, violates this provision, including, without limitation, terminating your Membership and/or reporting such activity or Content to law enforcement authorities. Prohibited activity includes, but is not limited to:

criminal or tortious activity, including, but not limited to, child pornography, fraud, trafficking in obscene material, drug dealing, gambling, harassment, defamation, stalking, spamming, spimming, sendingof viruses or other harmful files, copyright infringement, patent infringement, or theft of trade secrets;

advertising to, or solicitation of, any Member to buy or sell any products or services through the unauthorized or impermissible use of the MySpace Services. You may not transmit any chain letters or junk email to other Members. In order to protect our Members from such advertising or solicitation, MySpace reserves the right to restrict the number of emails which a Member may send to other Members in any 24-hour period to a number which MySpace deems appropriate in its sole discretion. If you breach this Agreement and send or cause to send (directly or indirectly) unsolicited bulk messages, status or mood updates, bulletins or other unauthorized commercial communications of any kind through the MySpace Services, you acknowledge that you will have caused substantial harm to MySpace, but that the amount of such harm would be extremely difficult to ascertain. As a reasonable estimation of such harm, you agree to pay MySpace $50 for each actual or intended recipient of such unsolicited message, status or mood update, bulletin or other unauthorized commercial communication you send through the MySpace Services;

circumventing or modifying, attempting to circumvent or modify, or encouraging or assisting any other person in circumventing or modifying any security technology or software that is part of the MySpace Services;

activity that involves the use of viruses, bots, worms, or any other computer code, files or programs that interrupt, destroy or limit the functionality of any computer software or hardware, or otherwise permit the unauthorized use of or access to a computer or a computer network;

modifying, copying, distributing, downloading, scraping or transmitting in any form or by any means, in whole or in part, any Content from the MySpace Services other than your Content which you legally post on, through or in connection with the MySpace Services;

providing or using "tracking" or monitoring functionality in connection with the MySpace Services, including, without limitation, to identify other Users' views, actions or other activities on the MySpace Services;

covering or obscuring the banner advertisements and/or safety features (e.g., report abuse button) on your personal profile page, or any MySpace page via HTML/CSS or any other means;

any automated use of the system, such as, but not limited to, using scripts to add friends or send comments, messages, status or mood updates, blogs or bulletins;

interfering with, disrupting, or creating an undue burden on the MySpace Services or the networks or services connected to the MySpace Services;

impersonating or attempting to impersonate MySpace or a MySpace employee, administrator or moderator, another Member, or person or entity (including, without limitation, the use of email addresses associated with or of any of the foregoing);

for band, comedy, filmmaker and other profiles containing a MySpace player, copying the code for your MySpace Player and embedding it (or directing others to embed it) anywhere other than in your band profile on MySpace;

using the account, username, or password of another Member at any time or disclosing your password to any third party or permitting any third party to access your account;

selling or otherwise transferring your profile, your email address or URL;

using or distributing any information obtained from the MySpace Services in order to harass, abuse, or harm another person or entity, or attempting to do the same;

displaying an unauthorized commercial advertisement on your profile, or accepting payment or anything of value from a third person in exchange for your performing any commercial activity through the unauthorized or impermissible use of the MySpace Services on behalf of that person, such as placing commercial content on your profile, links to e-commerce sites not authorized by MySpace, posting status or mood updates, blogs or bulletins with a commercial purpose, selecting a profile with a commercial purpose as one of your top friends, or sending messages with a commercial purpose;

relaying email from a third party's mail servers without the permission of that third party;

using invalid or forged headers to disguise the origin of any Content transmitted to or through MySpace's computer systems, or otherwise misrepresenting yourself or the source of any message or Content;

using any automated system, including, but not limited to, scripts or bots in order to harvest email addresses or other data from the MySpace Website for the purposes of sending unsolicited or unauthorized material;

engaging in, either directly or indirectly, or encouraging others to engage in, click-throughs generated through any manner that could be reasonably interpreted as coercive, incentivized, misleading, malicious, or otherwise fraudulent; or

using the MySpace Services in a manner inconsistent with any and all Applicable Law.

## 9. Protecting Copyrights and Other Intellectual Property

MySpace respects the intellectual property of others, and requires that our users do the same. You may not upload, embed, post, email, transmit or otherwise make available any material that infringes any copyright, patent, trademark, trade secret or other proprietary rights of any person or entity. It is MySpace's policy to terminate, in appropriate circumstances, the membership of repeat infringers. If you believe your work has been copied and posted on or through the MySpace Services in a way that constitutes copyright infringement, please send MySpace's Copyright Agent a notification of claimed infringement with all of the following information: (a) identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works are covered by a single notification, a representative list of such works; (b) identification of the claimed infringing material and information reasonably sufficient to permit us to locate the material on the MySpace Services (providing the URL(s) of the claimed infringing material satisfies this requirement); (c) information reasonably sufficient to permit us to contact you, such as an address, telephone number, and, if available, an email address; (d) a statement by you that you have a good faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law; (e) a statement by you, made under penalty of perjury, that the above information in your notification is accurate and that you are the copyright owner or are authorized to act on the copyright owner's behalf; and (f) your physical or electronic signature. MySpace's Copyright Agent for notification of claimed infringement can be reached as follows: Copyright Agent, MySpace, Inc., 8391 Beverly Blvd., #349, Los Angeles, CA 90048; Facsimile: (310) 861-8428; Phone: (310) 969-2887; Attn: Copyright Agent. MySpace's Copyright Agent for notification of claimed infringement can also be reached electronically at **copyrightagent@support.myspace.com**. MySpace provides certain tools and technologies to help facilitate copyright owners' control over their copyrighted works. In order to inquire about the availability of these tools and technologies, please contact MySpace's Copyright Agent at the email address listed.

## 10. Third Party Linked Services

Linked Services created by third party developers may be available on, through or in connection with the MySpace Services. Linked Services include applications, websites, desktop, wireless, mobile and other services available from third parties which can be installed onto your MySpace profile or shared with other Users on the MySpace Services or which may link to your MySpace account from outside of the MySpace Services. Linked Services may use your MySpace profile information, friends and/or other profile content on the Linked Service and share activity events between MySpace and the Linked Service (depending on the features the Linked Service chooses to make available). When you engage with a third party Linked Service, you are interacting with the third party, not with MySpace. MySpace does not control the third party, and cannot dictate their actions. If you choose to use a third party Linked Service, the Linked Service may use and share your data in accordance with the privacy policy of and your privacy settings on such Service. In addition, the third party providing the Linked Service may use other parties to provide portions of the application or service to you, such as technology, development or payment services. MySpace is not responsible for and makes no warranties, express or implied, as to the third party Linked Services or the providers of such Linked Services (including, but

not limited to, the privacy practices thereof). MySpace encourages you not to provide any personally identifiable information to any third party Linked Service unless you know and are comfortable with the party with whom you are interacting.

## 11. Member Disputes

You are solely responsible for your interactions with other MySpace Users, third party developers or any other parties with whom you interact through the MySpace Services and/or Linked Services. MySpace reserves the right, but has no obligation, to become involved in any way with these disputes.

## 12. Privacy

Use of the MySpace Services is also governed by our Privacy Policy, which is incorporated into this Agreement by this reference.

## 13. Disclaimers

MySpace is not responsible for and makes no warranties, express or implied, as to the User Content or the accuracy and reliability of the User Content posted through or in connection with the MySpace Services or Linked Services, by Users of the MySpace Services or Linked Services, and such User Content does not necessarily reflect the opinions or policies of MySpace. In addition, MySpace is not responsible for any damage, injury or loss caused by Users of the MySpace Services or by any of the equipment or programming associated with or utilized in the MySpace Services or Linked Services. Profiles and Linked Services created and posted by Members on, though or in connection with the MySpace Services may contain links to other websites or services. MySpace is not responsible for the Content, accuracy or opinions expressed on such websites and services, and such websites and services are not necessarily investigated, monitored or checked for accuracy or completeness by MySpace. Inclusion of any linked website or service on the MySpace Services does not imply approval or endorsement of the linked website or service by MySpace. When you access these third party sites and services, you do so at your own risk. MySpace takes no responsibility for third party advertisements or Linked Services that are posted on, through or in connection with the MySpace Services or Linked Services, nor does it take any responsibility for the goods or services provided by these third parties. MySpace is not responsible for the conduct, whether online or offline, of any User of the MySpace Services or Linked Services. MySpace assumes no responsibility for any error, omission, interruption, deletion, defect, delay in operation or transmission, communications line failure, theft or destruction or unauthorized access to, or alteration of, any User or Member communication. MySpace is not responsible for any problems or technical malfunction of any telephone network or lines, computer online systems, servers or providers, computer equipment, software, failure of any email or players due to technical problems or traffic congestion on the Internet or on any of the MySpace Services or Linked Services or combination thereof, including, without limitation, any injury or damage to Users or to any person's computer related to or resulting from participation or downloading materials in connection with the MySpace Services or Linked Services. Under no circumstances shall MySpace be responsible for any loss or damage, including, without limitation, personal injury or death, resulting from use of the MySpace Services or Linked Services, attendance at a MySpace event, from any User Content posted on or through the MySpace Services or Linked Services, or from the conduct of any Users of the MySpace Services, whether online or offline. The MySpace Services and Linked Services are provided "AS-IS" and as available and MySpace expressly disclaims any warranty of fitness for a particular purpose or non-infringement. MySpace cannot guarantee and does not promise any specific results from use of the MySpace Services or Linked Services.

## 14. Limitation on Liability

IN NO EVENT SHALL MYSPACE BE LIABLE TO YOU OR ANY THIRD PARTY FOR ANY INDIRECT, CONSEQUENTIAL, EXEMPLARY, INCIDENTAL, SPECIAL OR PUNITIVE DAMAGES, INCLUDING, WITHOUT LIMITATION, LOST PROFIT DAMAGES ARISING FROM YOUR USE OF THE MYSPACE SERVICES OR LINKED SERVICES, EVEN IF MYSPACE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, MYSPACE'S LIABILITY TO YOU FOR ANY CAUSE WHATSOEVER AND REGARDLESS OF THE FORM OF THE ACTION, WILL AT ALL TIMES BE LIMITED TO THE AMOUNT PAID. IF ANY, BY YOU TO MYSPACE FOR THE MYSPACE SERVICES DURING THE TERM OF MEMBERSHIP.

## 15. U.S. Export Controls

Software available in connection with the MySpace Services (the "Software") is further subject to United States export controls. No Software may be downloaded from the MySpace Services or otherwise exported or re-exported in violation of U.S. export laws. Downloading or using the Software is at your sole risk.

## 16. Disputes

The Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of law provisions. You and MySpace agree to submit to the exclusive jurisdiction of the courts located within the State of New York to resolve any dispute arising out of the Agreement or the MySpace Services. EACH OF THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS, COUNTERCLAIMS, CROSS-CLAIMS, OR THIRD PARTY CLAIMS) ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT. FURTHER, EACH PARTY HERETO CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF EITHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH PARTY WOULD NOT IN THE EVENT OF SUCH LITIGATION, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL PROVISION. EACH OF THE PARTIES ACKNOWLEDGES THAT THIS SECTION IS A MATERIAL INDUCEMENT FOR THE OTHER PARTY ENTERING INTO THIS AGREEMENT.

## 17. Indemnity

You agree to indemnify and hold MySpace, its subsidiaries, and affiliates, subcontractors and other partners, and their respective officers, agents, partners and employees, harmless from any loss, liability, claim, or demand, including, but not limited to, reasonable attorneys' fees, made by any third party due to or arising out of your use of the MySpace Services in violation of this Agreement and/or arising from a breach of this Agreement and/or any breach of your representations and warranties set forth in this Agreement and/or any Content that you post on, through or in connection with the MySpace Services.

## 18. Other

This Agreement is accepted upon your use of the MySpace Website or any of the MySpace Services and is further affirmed by you becoming a Member. Your agreement with MySpace will always include this Agreement at a minimum. Your access and use of certain MySpace Services will require you to accept additional terms and conditions applicable to such certain MySpace Services, in addition to this Agreement, and may require you to download Software or Content. The failure of MySpace to exercise or enforce any right or provision of this Agreement shall not operate as a waiver of such right or provision. The section titles in this Agreement are for convenience only and have no legal or contractual effect. MySpace is a trademark of MySpace, Inc. This Agreement operates to the fullest extent permissible by law. If any provision of this Agreement is unlawful, void or unenforceable, that provision is deemed severable from this Agreement and does not affect the validity and enforceability of any remaining provisions.

To contact us regarding any questions about this Agreement, please use the Contact MySpace form on our Help site.

I HAVE READ THIS AGREEMENT AND AGREE TO ALL OF THE PROVISIONS CONTAINED ABOVE.

Below are additional terms applicable to your use of and access to certain MySpace Services:

MySpace Apps Developer Addendum to the MySpace.com Terms of Use

MySpaceID Developer Addendum to the MySpace.com Terms of Use

MySpace MyAds Terms of Use

People ▼

## Privacy Policy

**myspace.com®**
a place for friends

**Effective February 28, 2008:**

MySpace, Inc. ("MySpace" or "we") operates MySpace.com. This Privacy Policy describes MySpace's use and sharing of personally identifiable information ("PII"-- your full name, email address, mailing address, telephone number, or credit card number) that Members voluntarily provide to MySpace when they register (also known as "Registration PII"). The Term "User" refers to a Visitor or a Member. This Privacy Policy applies to the services offered by MySpace, including any MySpace-branded URL (the "MySpace Website"), the MySpace instant messaging service, the MySpace application developer service and other features (for example, music and video embedded players), MySpace mobile services, and any other features, content, or applications offered from time to time by MySpace in connection with the MySpace Website (collectively, the "MySpace Services"). The MySpace Services are hosted in the United States.

The MySpace Website is a general audience site and does not knowingly collect PII from children under 13 years of age.

From time to time MySpace may modify this Privacy Policy to reflect industry initiatives or changes in the law, our PII collection and use practices, the features of the MySpace Services, or technology, and such modifications shall be effective upon posting by MySpace on the MySpace Website. Your continued use of the MySpace Services after MySpace posts a revised Privacy Policy signifies your acceptance of the revised Privacy Policy. It is therefore important that you review this Privacy Policy regularly to ensure you are updated as to any changes. If MySpace materially changes its practices regarding collection or use of your PII, your PII will continue to be governed by the Policy under which it was collected unless you have been provided notice of, and have not objected to, the change.

COLLECTION AND SUBMISSION OF PII AND NON-PII ON MYSPACE

General. When MySpace collects PII from you it is because you are voluntarily submitting Registration PII to us in order to register as a Member of MySpace. MySpace may also collect PII from you if you choose to participate in MySpace Services activities like sweepstakes, contests, and surveys, because you want us to furnish you with products, services, newsletters, or information, or in connection with content or suggestions you submit to MySpace for review.

In addition, MySpace collects other non-PII including IP address, aggregate user data, and browser type. This data is used to manage and improve the MySpace Services, track usage, and for security purposes.

MySpace Members may also choose to provide or store non-PII information in their profiles, including but not limited to date of birth, interests, hobbies, lifestyle choices, groups with whom they are affiliated (schools, companies), videos and/or pictures, private messages, bulletins or personal statements (collectively "Profile Information"). The Profile Information in a Member's profile is provided at his or her sole discretion.

MySpace Members can change their Registration PII and Profile Information at any time and can control how Visitors, other Members and MySpace communicate with them by controlling their account settings, available within the "Edit Profile" portion of their MySpace profile. Link to Privacy Settings.

Cookies. Cookies are small bits of information that MySpace places on your computer. MySpace uses cookies to identify your Internet browser, store Users' preferences, and determine whether you have installed the enabling software needed to access certain material on the MySpace Services. Data in cookies may be read to authenticate user sessions or provide services.

Third party advertisements displayed on MySpace Services may also contain cookies set by Internet advertising companies or advertisers (known as "third party cookies"). MySpace does not control these third party cookies and Users of the MySpace Services should check the privacy policy of the Internet advertising company or advertiser to see whether and how it uses cookies. See the "Notice" section below for more information on customized advertising on MySpace. A pixel tag is a tiny image inserted in a webpage and used to record the number and types of views for that page. MySpace may allow third party pixel tags to be present on MySpace Services for purposes of advertising, providing services or data and statistics collection.

You can program your computer to warn you each time a cookie is being sent, block third party cookies or block all cookies. However, by blocking all cookies you may not have access to certain features on the MySpace Services.

NOTICE: MYSPACE WILL PROVIDE YOU WITH NOTICE ABOUT ITS PII COLLECTION PRACTICES

When you voluntarily provide PII to MySpace, we will make sure you are informed about who is collecting the information, how and why the information is being collected and the types of uses MySpace will make of the information to the extent it is being used in a manner that differs from what is allowed pursuant to this Privacy Policy.

At the time you provide your PII, MySpace will notify you of your options regarding our use of your PII (See "Choice" below). Except as described in this Privacy Policy, MySpace will not share your PII with third parties unless you have given MySpace permission to do so (See "Use" below).

MySpace Services may be linked to Internet sites operated by other companies. MySpace Services may also carry advertisements from other companies. MySpace is not responsible for the privacy practices of websites or other services operated by third parties that are linked to or integrated with the MySpace Services or for the privacy practices of third party Internet advertising companies. Once you leave MySpace Services via such a link, access a third party application (such as widgets) or click on an advertisement, you should check the applicable privacy policy of the third party or advertiser site to determine, among other things, how they will handle any PII they collect from you.

MySpace Services may also be linked to sites operated by companies affiliated with MySpace (i.e., that are part of the News America Group: "Affiliated Companies"). Although all Affiliated Companies adhere to the News America corporate Privacy Principles, Users who visit those Affiliated Company sites should still refer to their separate privacy policies and practices, which may differ in some respects from this Privacy Policy.

MySpace may use cookies and similar tools to customize the content and advertising you receive based on the Profile Information you have provided. Profile Information you provide in structured profile fields or questions (multiple choice questions like "Marital Status," "Education" and "Children") ("Structured Profile Information"), information you add to open-ended profile fields and questions (essay questions like "About Me," "Interests" and "Movies") ("Non-Structured Profile Information") and other non-PII about you may also be used to customize the online ads you encounter to those we believe are aligned with your interests. For example, based on your music interests we might display an advertisement to make sure you are advised when your favorite band is coming to town. The information used for this feature does not provide your PII or identify you as an individual to third parties. If you would like to disable advertising customization for Non-Structured Profile Information, please log in and click here.

Some of the advertisements that appear on MySpace Services may also be delivered to you by third party Internet advertising companies. These companies utilize certain technologies to deliver advertisements and marketing messages and to collect non-PII about your visit to or use of MySpace Services, including information about the ads they display, via a cookie placed on your computer that reads your IP address. To opt out of information collection by these companies, or to obtain information about the technologies they use or their own privacy policies, please click here.

Third party applications (such as widgets) created by third party developers may also be available on the MySpace Services. Third party applications are small bits of software, often with interactivity, that can be installed into Members' profiles or shared with other Users. However, MySpace does not control the third party developers, and cannot dictate their actions. When a Member engages with a third party application, that Member is interacting with the third party developer, not with MySpace. MySpace encourages Members not to provide PII to the third party's application unless the Member knows the party with whom it is interacting.

**CHOICE: MYSPACE WILL PROVIDE YOU WITH CHOICES ABOUT THE USE OF YOUR PII**

Except as described in this Privacy Policy, MySpace will get your permission before we use the PII you provide to us in a way that is inconsistent with the purpose for which it was submitted or share your PII with third parties that are not affiliated with MySpace.

**USE: MYSPACE'S USE OF PII**

MySpace will only use the PII you provide under this Privacy Policy in a manner that is consistent with this Privacy Policy. If MySpace obtains PII from a third party, such as a business partner, our use of that information is also governed by this Privacy Policy.

In order to locate other MySpace Members that you may already know in the physical world, MySpace allows Users to search for Members using Registration PII (i.e., full name or email address). MySpace also allows Users to browse for certain Profile Information in order to help connect with Members (i.e., schools and/or companies where Users may have attended or worked). MySpace may also enable Members to publicly display some Registration PII as an element of their Profile Information if they choose to do so via a profile setting under "Edit Profile." Search engines may index the portion of a Member's profile (including the Profile Information it contains) that is publicly displayed.

If you have consented to receive promotional materials (e.g., newsletters) or notifications from MySpace, MySpace may periodically use your email address to send you such materials related to the MySpace Services, as applicable. If you want to stop receiving such materials from MySpace, you can change your profile settings under "Account Settings," or follow the unsubscribe instructions at the bottom of each email.

MySpace employees, agents and contractors must have a business reason to obtain access to your PII. MySpace may share your PII with those who help us manage or provide MySpace Services' information activities (for example, message board administration, order fulfillment, statistical analyses, data processing), or with outside contractors, agents or sponsors who help us with the administration, judging and prize fulfillment aspects of contests, promotions and sweepstakes.

These outside contractors, agents or sponsors may temporarily store some information on their servers, but they may only use your PII to provide MySpace with a specific service and not for any other purpose. MySpace may also provide your PII to a third party in those instances where you have chosen to receive certain information and have been notified that the fulfillment of such a request requires the sharing of your

PII. MySpace also may share your PII with Affiliated Companies if it has a business reason to do so.

As described in "Notice" above, MySpace may customize the advertising and marketing messages you receive on the MySpace Website, or may work with outside companies to do so. Your non-PII and/or Profile Information may be shared with these companies so this customization can be accomplished. MySpace prohibits these companies from sharing your non-PII and/or Profile Information with any third party or from using it for any other purpose. Anonymous click stream, number of page views calculated by pixel tags, and aggregated demographic information may also be shared with MySpace's advertisers and business partners.

There may be instances when MySpace may access or disclose PII, Profile Information or non-PII without providing you a choice in order to: (i) protect or defend the legal rights or property of MySpace, our Affiliated Companies or their employees, agents and contractors (including enforcement of our agreements); (ii) protect the safety and security of Users of the MySpace Services or members of the public including acting in urgent circumstances; (iii) protect against fraud or for risk management purposes; or (iv) comply with the law or legal process. In addition, if MySpace sells all or part of its business or makes a sale or transfer of all or a material part of its assets or is otherwise involved in a merger or transfer of all or a material part of its business, MySpace may transfer your PII to the party or parties involved in the transaction as part of that transaction.

When a Member who is located in the European Union chooses to post Profile Information that will be publicly disclosed, that Member is responsible for ensuring that such information conforms to all local data protection laws. MySpace is not responsible under the EU local data protection laws for Member-posted information.

**SECURITY: MYSPACE PROTECTS THE SECURITY OF PII**

MySpace uses commercially reasonable administrative, technical, personnel and physical measures to safeguard PII and credit card information in its possession against loss, theft and unauthorized use, disclosure or modification. In addition, MySpace uses reasonable methods to make sure that PII is accurate, up-to-date and appropriately complete.

**ACCESS, REMEDIES AND COMPLIANCE: HOW TO ACCESS, CORRECT OR CHANGE YOUR PREFERENCES REGARDING YOUR PII AND HOW TO CONTACT MYSPACE ABOUT PRIVACY CONCERNS**

Whenever possible, MySpace Members may review the Registration PII we maintain about them in our records. We will take reasonable steps to correct any PII a Member informs us is incorrect. If you are a Member, you can view and change your Registration PII, Member preferences and Profile Information by logging into your account and accessing features such as "Edit Profile" and "Account Settings."

If you ask MySpace to stop using your PII, MySpace will honor that request while retaining any record of your PII that is necessary to comply with applicable federal, state or local law.

If you would like to communicate with us about this Privacy Policy or MySpace's collection and use of your PII, please use the Contact MySpace form on our Help site.

Mail:
8391 Beverly Blvd.
#349
Los Angeles, California 90048

©2003-2010 Myspace, Inc. All Rights Reserved.