UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────x
CORY HUBBARD,                       )   11-cv-00433 (LAK)
                                    )
            Plaintiff,              )   ECF Case
                                    )
    vs.                             )
                                    )
                                    )
MYSPACE, INC.,                      )
                                    )
            Defendant.              )
───────────────────────────────────x

# MEMORANDUM OF LAW IN SUPPORT OF
# MYSPACE, INC.'S MOTION FOR SANCTIONS
# UNDER RULE 11

Michael B. Mukasey
Matthew E. Fishbein
Jeffrey S. Jacobson
Courtney M. Dankworth
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6386 (fax)

*Attorneys for Defendant*
*MySpace, Inc.*

March 28, 2011

**PRELIMINARY STATEMENT**

Because Cory Hubbard's claim against MySpace, Inc., under the federal Stored Communications Act (the "SCA"), 18 U.S.C. § 2702 *et seq.*, violates the SCA's explicit grant of immunity from such claims, and is not warranted by existing interpretations of the SCA's immunity provisions or any nonfrivolous argument for extending, modifying or reversing them, the Court should require Hubbard's counsel to bear MySpace's costs and fees incurred in moving to dismiss his baseless original and amended complaints.

Hubbard filed his initial complaint, with six claims for relief against MySpace, on January 20, 2011.  On February 11, 2011, MySpace moved to dismiss that complaint pursuant to Rule 12(b)(6), arguing that all of Hubbard's claims were frivolous and notifying Hubbard's counsel of its intent to pursue Rule 11 sanctions if they did not immediately withdraw the complaint.  Hubbard's counsel did not respond to MySpace's motion to dismiss; instead, they filed an amended complaint that withdrew five of Hubbard's six baseless claims for relief, but maintained his equally baseless claim under the SCA.

MySpace's renewed motion to dismiss, which it filed on March 2, demonstrated the frivolousness of Hubbard's claim.  MySpace incorporates by reference its opening and reply memoranda of law in support of that motion.  Briefly stated:

- Two provisions of the SCA, 18 U.S.C. §§ 2703 and 2707(e), provide MySpace with immunity from Hubbard's claims arising from MySpace's provision of his electronic communications in response to a court-issued search warrant.  A Georgia court issued a warrant in Hubbard's case after police arrested him at the hotel to which he had lured a 13 year-old girl he befriended online for the purpose of molesting her.

- Hubbard's assertion that the Georgia court lacked competency to issue this warrant to a data storage facility in California (*i*) cited the wrong statutory language and (*ii*) ignored controlling authority defining a court's competency in terms of *subject-matter* authority, not personal jurisdiction (which a warrant's recipient may waive).

- In each of the few occasions where the subject of a warrant, like Hubbard, has flouted the SCA's immunity provisions, courts have dismissed those claims as frivolous.

On March 4, after Hubbard's counsel filed Hubbard's amended complaint, MySpace served a draft of this brief on Hubbard's counsel. Hubbard's counsel declined to withdraw the amended complaint within the 21-day safe harbor period afforded under Rule 11. In the opposition they filed to MySpace's motion to dismiss on March 17, 2011, they acknowledged MySpace's Rule 11 warning but stated their intent to proceed with Hubbard's claim nonetheless.

## ARGUMENT

**I. Plaintiff's Statutory Claim Is a Frivolous Legal Position with No Chance of Success.**

The SCA explicitly immunizes custodians of electronic data from claims, like Hubbard's, arising from the custodians' provision of data in response to warrants or other court orders. Section 2703(e) provides that:

> *No cause of action shall lie in any court* against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter [emphasis added].

Section 2707(e), similarly, states that "a good faith reliance on . . . a court warrant or order . . . *is a complete defense to any civil or criminal action brought under this chapter or any other law*" (emphasis added in both).

These immunity provisions have been construed broadly. *See, e.g., In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 157 F. Supp. 2d 286, 289 (S.D.N.Y. 2001) ("The provider of the electronic communication or remote computing services who complies with an order issued under [§ 2703] is shielded from liability for any claim relating to the disclosure. 18 U.S.C. § 2703(e)."). MySpace's memoranda of law cited the four prior cases

2

in which the subjects of warrants tried to plead claims under the SCA against providers who disclosed information pursuant to warrants: *Bansal v. Server Beach*, 285 Fed. Appx. 890, 892 (3d Cir. 2008) (per curiam); *Bansal v. Microsoft Hotmail*, 267 Fed. Appx. 184 (3d Cir. 2008); *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) and *Jayne v. Sprint PCS*, No. CIV S-07-2522 LKK GGH P, 2009 WL 426117 (E.D. Cal. Feb. 20, 2009). In each case, courts dismissed the claims as frivolous.

Despite the clear language of the SCA and the unbroken precedent interpreting it, Hubbard's counsel denies the existence of this immunity. They view 18 U.S.C. §§ 2703(e) and 2707(e) not as barriers to Hubbard's claims, but as a roadmap to them: If MySpace does not "jump[] through the precise legal hoops to fully comply with [Hubbard's view of] each state's laws and process," Memo in Opposition to MySpace's Motion to Dismiss at 1-2, then "every single time it does so MySpace becomes liable for civil damages for violating the SCA," *id.* at 17. Hubbard's brief cited no statutory or case law to support this position, and none exists.

When an attorney sues an entity he knows or should know is immune from suit, forcing that entity to expend resources Congress specifically protected it from having to expend, Federal Rule of Civil Procedure 11 provides an appropriate remedy: Sanctions, in the form of paying the sued entity's legal fees associated with defending a case that never should have been brought.

Pursuant to Rule 11(b)(2), every signed pleading constitutes a representation by the signing attorney to the Court that:

> [T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions [in the filed document] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

3

Certifying attorneys who violate this representation by presenting a frivolous argument are subject to sanctions. "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

According to the Second Circuit, "[a]n argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Caisse Nationale De Credit Agricole-CNCA v. Sarasohn*, 28 F.3d 259, 264 (2d Cir. 1994) (citations omitted); *see also Official Publ'ns, Inc. v. Fredericks*, 884 F.2d 664, 670 (2d Cir. 1989) ("Rule 11 is violated when it is patently clear that a claim has absolutely no chance of success.").

Hubbard's complaint fits comfortably within this description. Hubbard's counsel ignored the text of the SCA, which required MySpace to release his communications in response to the Georgia warrant, and immunized it from claims associated with that release. In arguing that MySpace violated the SCA, Hubbard's counsel quoted and relied upon the *wrong* version of the statute, not the version that was in effect when MySpace received the warrant in Hubbard's case, which stated different requirements. Hubbard's counsel also flouted controlling precedent relating a court's competency to *subject-matter* authority rather than personal jurisdiction, and brought Hubbard's case despite all the case law interpreting the SCA, which characterized prior claims like Hubbard's as frivolous. For all these reasons, Hubbard's counsel should be sanctioned and required to pay MySpace's attorneys' fees.

In *Jackson v. Scotts Co.*, No. 08 Civ. 1064 (LAK), 2008 WL 2117244 (S.D.N.Y. May 14, 2008), this Court granted monetary sanctions against an attorney where she advanced a cause of action without basis in the statute on which the complaint relied. *Id.* at *1 ("[T]he Workers' Compensation Law, unlike the New York State Human Rights Law, does not even address, let alone proscribe, employment discrimination on the basis of race or other suspect characteristics."). The cases cited by the attorney were similarly non-availing: "Not one of these cases even remotely supports such a proposition." *Id.* Likewise, the "egregious and unjustified neglect" by Hubbard's complaint "of the required statutory elements gives rise to the inference that the action was filed for improper purposes." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996), *citing Chemiakin v. Yefimov*, 932 F.2d 124, 126 (2d Cir. 1991); *see also Katzmann*, 167 F.R.D. at 660-61 ("[W]here claims are so far deficient in alleging statutory requirements . . . , whether the violation is deliberate or merely the result of extraordinarily shoddy research, the filing warrants the imposition of sanctions.").

Hubbard's counsel's response, as expressed in Hubbard's opposition to MySpace's motion to dismiss, is that *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638 (E.D. Va. 2004), gives Hubbard a sliver of hope that a claim against an electronic data custodian may proceed despite SCA immunity. In *Freedman*, however, the document to which AOL responded was not a warrant, but merely a warrant *application*, bearing no signature. *Id.* at 640. That AOL had not responded to an actual warrant, issued by a judge on probable cause, foreclosed immunity under 18 U.S.C. § 2703(e). *See id.*; *Freedman v. Am. Online, Inc.*, 329 F. Supp. 2d 745, 748 (E.D. Va. 2004) (AOL's counsel conceded that § 2703(e) immunity did not apply because AOL had not responded to a warrant). The clear lack of a judge's signature on the document rendered AOL's "good faith" in believing the document to be an actual warrant a matter of doubt.

Hubbard's counsel cannot rely on *Freedman*, however, because Hubbard's case bears no relationship to it. In Hubbard's case, there can be no dispute that the document in question was, facially and actually, a warrant, supported by probable cause and signed by a Georgia judge. That warrant amply satisfied the then-existing requirement of 18 U.S.C. 2703(a) that custodians may respond to a federal warrant or "an equivalent state warrant." MySpace's compliance with the warrant entitles it to immunity under *both* §§ 2703(e) and 2707(e), as every case dealing with a provider's response to an actual warrant confirms. Hubbard's futile and false attacks on the jurisdiction of the court that issued the warrant do not divest MySpace of its immunity under either provision.

Neither Hubbard's complaint nor his opposition brief advances any argument, much less a nonfrivolous argument — nor does one exist — for modifying or reversing the consistent and unassailable interpretation of the SCA's clear immunity provisions adopted by every court that has addressed the issue. "[M]ere assertions contrary to existing precedent . . . cannot reasonably be said to constitute a good faith attempt to extend existing law." *Katzman*, 167 F.R.D. at 660. *See also Pentagen Techs. Int'l. Ltd. v. United States*, 172 F. Supp. 2d 464, 471 (S.D.N.Y. 2001) (granting Rule 11 sanctions where plaintiff failed to offer any credible argument for why the defendant's immunity would not apply or had been waived).

Where Congress has provided specifically that parties should not be sued for complying with governmental directives, and plaintiffs sue despite that statutory immunity, Rule 11 sanctions are particularly appropriate. Parties that comply with Internal Revenue Service levies, for example, are protected from suit by 26 U.S.C. § 6322(e). In cases where plaintiffs have sued anyway, they have been sanctioned for doing so. *See, e.g., Ryder v. Elliot*, 127 Fed. Appx. 960, 961 (9th Cir. 2005); *Roberts v. Motion Picture Pension Plan*, 46 F.3d 1144 (9th Cir. 1995).

Courts also have imposed sanctions where plaintiffs have sued despite statutory immunity conferred by the National Labor Relations Act and Conscientious Employee Protection Act. *See, e.g., Lauser v. City College of San Francisco*, 359 Fed. Appx. 755, 757 (9th Cir. 2009) (NLRA); *Carlino v. Gloucester City High School*, 57 F. Supp. 2d 1, 39 (D. N.J. 1999) (CEPA).

These cases, and many others, demonstrate that Rule 11 sanctions are appropriate where counsel should have known that there was no possibility of prevailing, given the precedent against the claim and the underlying facts. *See Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 139 (S.D.N.Y. 2002); *see also id.* at 141 (calling plaintiff's claims "reformulated conspiracy theories"). In *Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 519-20 (S.D.N.Y. 2005), the court noted in granting Rule 11 fees that defendant's counsel had spent considerable time trying "to dissuade [plaintiff's] counsel from pursuing these claims." *See also Assoc. of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank of Austria Credianstalt AG*, No. 04 Civ. 3600 (SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (awarding attorneys' fees after defendant warned plaintiff that it would seek Rule 11 sanctions if the plaintiff refused to withdraw the lawsuit). When initially faced with six baseless claims for relief, MySpace's counsel specifically invoked Rule 11 and requested that the complaint be withdrawn. Hubbard's counsel had ample opportunity to reconsider the complaint, and withdrew five of the six initial claims for relief, but persisted in advocating the SCA claim, which is equally meritless.

In order to determine that Rule 11 sanctions are appropriate, the court need not inquire into the motivations of Hubbard's counsel. "The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003); *Margo v. Weiss*, 213 F.3d 55, 64-65 (2d Cir. 2000) ("As we pointed

7

out in *Simon DeBartolo Group v. Richard E. Jacobs Group*, 186 F.3d 157, 166 (2d Cir. 1999), the 1993 Advisory Committee Note explains that Rule 11(b)(2) 'establishes an objective standard, intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.'").

Hubbard's counsel contend that "every single time" MySpace responds to a warrant, cooperating with law enforcement authorities to apprehend and prosecute dangerous predators like Hubbard, it is gambling on the possibility that the predator, from his jail cell, will file a baseless lawsuit like this one, notwithstanding Congress's expressed intent that custodians should be immune from such suits.  Hubbard's counsel should learn that filing baseless lawsuits and foisting costs on custodians has its risks, too.

## II.      Plaintiff's Frivolous Complaint Warrants Monetary Sanctions.

Rule 11(d) prescribes the types and amounts of sanctions a court may impose: "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation."

The sanctions warranted against Hubbard's complaint should be assessed against his counsel.  "Under Rule 11(c)(2)(A), monetary sanctions should be leveled against plaintiff's counsel alone for failure to comply with Rule 11(b)(2)."  *Weinraub*, 419 F. Supp. 2d at 519 (awarding full attorneys' fees as a sanction for filing a complaint with multiple frivolous claims for relief).

8

Hubbard's counsel are fully responsible for burdening this court with this frivolous case, and for requiring MySpace to incur fees defending it.  In order to deter similarly frivolous future filings, they should be sanctioned for the cost this baseless lawsuit has imposed.  "A reasonably accurate measure of the harm [the plaintiff] has done is what he has cost his opponent.  This is not an unreasonable method to deter spurious suits and wasteful trial tactics."  *Assoc. of Holocaust Victims for Restitution of Artwork & Masterpieces*, 2005 WL 3099592, at *7.

## CONCLUSION

For the foregoing reasons, the Court should grant MySpace its attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
         March 28, 2011

        DEBEVOISE & PLIMPTON LLP

        By:

         **/s/ Michael B. Mukasey**
           Michael B. Mukasey

        Michael B. Mukasey
           mbmukase@debevoise.com
        Matthew E. Fishbein
           mefishbe@debevoise.com
        Jeffrey S. Jacobson
           jsjacobs@debevoise.com
        Courtney M. Dankworth
           cmdankwo@debevoise.com
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY 10022
        (212) 909-6000 (phone)
        (212) 909-6386 (fax)

        *Attorneys for Defendant*
        *MySpace, Inc.*