IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,** | Index No.: 11-cv-00433 (LAK) |
| **Plaintiff,** | **ECF CASE** |
| v. | |
| **MYSPACE, INC.,** | **ORAL ARGUMENT REQUESTED** |
| **Defendant.** | |

**SURREPLY MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION
TO MYSPACE, INC.'S MOTION TO DISMISS**

Pursuant to the Court's order of March 28, 2011, Plaintiff Cory Hubbard ("Plaintiff"), through his undersigned counsel of record, respectfully submits this Surreply Memorandum of Law in Response and Opposition to MySpace, Inc.'s Motion to Dismiss and in support thereof sets forth as follows:

## I. INTRODUCTION

As this Court noted *sua sponte,* in its Reply MySpace, Inc. ("MySpace" or "Defendant") abandoned its reliance on the requirement that a warrant be issued by a "court of competent jurisdiction," as presently defined by 18 U.S.C. § 2703(a). Now, it argues that this Court should use the statute's previous language before it was changed in 2009. Plaintiff concedes that the current definition of "court of competent jurisdiction" contained in 18 U.S.C. 2703(a) was not in effect when the warrant at issue was faxed to MySpace on January 29, 2008, yet this is a distinction without a difference. Under either version of the statute, the applicable law required that the issuing court have jurisdiction over the offense under investigation.

MySpace tries to impermissibly expand the powers and authority of a Georgia Magistrate Court so that the warrant at issue here would be valid. MySpace's interpretation of "equivalent state warrant," as set forth in 18 U.S.C. § 2703, claiming that O.C.G.A. § 15-10-2(4) supports jurisdiction in this instance, is incorrect. A Georgia Magistrate Court is only a court of *limited* jurisdiction that lacks jurisdiction to preside over felony offenses, including the one for which Plaintiff was arrested and charged and the warrant issued. As such, MySpace clearly knew that it violated the Stored Communications Act ("SCA") when it made disclosures in response to the facially invalid warrant at issue in this matter.

## II. ARGUMENT

In his Memorandum of Law in Response and Opposition to MySpace, Inc.'s Motion to Dismiss, Plaintiff responded to Defendant's original argument citing to the "court of competent

jurisdiction" language of the 2009 amendment to the SCA.  Defendant's Reply Memorandum of Law in Further Support Of MySpace, Inc.'s Motion to Dismiss the Class Action Complaint ("Def. Reply Mem.") asserted, for the first time, that the present language of 18 U.S.C. 2703(a) was inapplicable, as it was amended in 2009, after the relevant date in this case.  Defendant argued that at the time MySpace received the warrant at issue, the applicable provisions of 18 U.S.C. § 2703 permitted custodians to disclose data pursuant to "a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant." *Id.* at 6.  Despite the revision to Defendant's argument, it continues to ignore the actual issue --- whether drawn from the current 18 U.S.C. § 2703 and 18 U.S.C. § 2711 or the former 18 U.S.C. § 2703, one thing remains constant -- the issuing court *must* "ha[ve] jurisdiction over the offense being investigated…"

Defendant attempts to argue that the county magistrate court had jurisdiction because the offense under investigation when the warrant was issued was a "violation[] of [a] county ordinance [or] penal ordinance[] of state authorities" within the meaning of O.C.G.A § 15-10-2." *Id.* at 6-7.  This argument, however, misrepresents the Georgia statute, the powers of a county magistrate court, and the facts of this case.  As is clear from the face of the warrant, Plaintiff was not being investigated for violating a mere ordinance, but rather a serious felony that falls well outside the purview of the county magistrate court's authority under O.C.G.A. § 15-10-2(4). Defendant's argument to the contrary, stands in direct conflict with applicable statutory, Georgia constitutional and case law.

      **A.**    **18 U.S.C. § 2703(e) Requires That Disclosure be Pursuant to a Warrant Issued in Accordance with the SCA**

18 U.S.C. § 2703(e) provides a defense to a cause of action against Providers disclosing information under the SCA where the disclosure is "***in accordance with the terms of*** a court

order, warrant, subpoena, statutory authorization, or certification *under this chapter*."  At the time MySpace received the warrant in the instant matter, a "warrant … under this chapter" was defined in 18 U.S.C. § 2703 as a "warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant."[1]  The clear intent of the phrase "equivalent state warrant" is that the warrant be issued "using the procedures" of a state "court with jurisdiction over the offense under investigation."

An analysis of the issuance of federal warrants under the SCA is instructive. 18 U.S.C. § 3231 gives federal district courts original subject matter jurisdiction over all violations of federal law.  *See* 18 U.S.C. § 3231 (setting forth that "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").  Thus, all federal courts have subject-matter jurisdiction over violations of federal law.  Interpreting jurisdiction under 18 U.S.C. § 2703 to mean "subject-matter jurisdiction," as Defendant erroneously suggests (Def. Reply at 7), would render those words meaningless and contrary to the rule of statutory construction that a statute should "be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001).

In his opposition to Defendant's motion to dismiss, Plaintiff cited and described the holdings of the very few federal cases that have considered the meaning of the phrase "court with jurisdiction over the offense under investigation," as used in 18 U.S.C. § 2703 with respect to the issuance of a warrant.  Those cases provide an analysis of the interplay between Fed. R. Crim. P.

---

[1] It is undisputed that the warrant in the Hubbard criminal case was a state warrant, not a federal warrant issued using the procedures described in the Federal Rules of Criminal Procedure.

41 and 18 U.S.C. § 2703 and specifically involved the issuance of federal warrants by a federal "court with jurisdiction over the offense under investigation," that were to be executed outside of the district of issuance. In doing so, those courts found that Congress intended jurisdiction to mean territorial jurisdiction.[2] Hence, the analysis must address both subject matter and territorial limitations of the issuing court. In this case, the county magistrate court lacked both subject matter and territorial authority to issue the warrant.

> **B.     The County Magistrate Court Did Not Have Authority Under Georgia Law To Issue a Search Warrant for Extraterritorial Search Because it Did Not Have Jurisdiction Over the Criminal Offense Under Investigation**

Defendant takes considerable liberty in its interpretation of O.C.G.A. § 15-10-2(4), which gives a magistrate jurisdiction and power over "the trial of charges of violations of county ordinances and penal ordinances of state authorities." Title 15 Chapter 10 Article 4 of the O.C.G.A. is entitled "Violation of Ordinances of Counties and State Authorities" and, as set forth in O.C.G.A. §§ 15-10-60 through 15-10-66, governs the trials of violations of county ordinances and ordinances of state authorities. Therein, the maximum allowable "punishment imposed for any ordinance violation shall not exceed a fine of $1,000.00 or six months imprisonment or both." O.C.G.A. § 15-10-60(a). Moreover, there is no right to a jury trial in magistrate court, and upon a jury demand, even an ordinance violation is removed to a state court, or if the county has no state court, to a superior court. *See* O.C.G.A. § 15-10-61. Finally, O.C.G.A. § 15-10-65 provides a review of convictions for ordinance violations shall be by certiorari to the Superior Court.

---

[2]     *See, e.g., United States v. Berkos*, 543 F.3d 392, 396-98 (7th Cir. 2008); *See In re Search of Yahoo, Inc.*, 2007 WL 1539971, at *7 (D. Ariz. May 21, 2007); *In re Search Warrant*, 2005 WL 3844032, at *6 (M.D. Fla. Dec. 23, 2005); *see also*, *United States v. Kernell,* 2010 WL 1408437, at *1 (E.D. Tenn. Apr. 2, 2010), Report and Recommendation adopted by, 2010 WL 1491861 (April 13, 2010); *In re Application by the United States of Am. for a Search Warrant,* 665 F. Supp. 2d 1210 (D. Or. 2009).

As related to search warrants as applicable in this case, O.C.G.A. § 16-11-66.1 provides, in pertinent part:

> (c) Search warrants for production of stored wire or electronic communications and transactional records pertaining thereto shall have state-wide application or application as provided by the laws of the United States **when issued by a judge with jurisdiction over the criminal offense under investigation** and to which such records relate.

(emphasis added).³  As clearly set forth therein, the search warrant issued to MySpace had to be issued by a court with jurisdiction over the offense under investigation.  Here, contrary to Defendant's suggestion, such jurisdiction lies *exclusively* with the Superior Court.

As much as Defendants would like to obfuscate the jurisdictional divisions between the various state courts, Georgia law is clear that a county magistrate court is a court of *limited* jurisdiction, which does not extend to felony offenses.  *See* Ga. Const. art. VI, § III, para. I; O.C.G.A. § 15-10-2. ("The magistrate…courts shall have uniform jurisdiction as provided by law.").  Although Defendant is correct that O.C.G.A. § 15-10-2(1) permits a county magistrate court to issue search warrants, it is not unfettered power.  The magistrate court's authority to issue search warrants is limited to property inside the county in which it sits.  *See State v. Lejeune*, 277 Ga. 749,  751-52, 594 S.E.2d 637,  638 (Ga. 2004) (the authority of any judicial officer in Georgia to issue a search warrant is limited to places within that court's territorial jurisdiction).  In contrast, the court of general criminal jurisdiction in Georgia is the Superior Court, which has jurisdiction in all cases *and exclusive jurisdiction over trials in felony cases*.  *See* O.C.G.A. § 15-6-8; Ga. Const. art. VI, § IV, para. I ("… superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have

---

³     O.C.G.A. § 16-9-109, a comparable state law which tracks the language of 18 U.S.C § 2703, also provides for disclosure of stored communications pursuant to a search warrant only if "**issued** under the provisions of Article 2 of Chapter 5 of Title 17 **by a court with jurisdiction over the offense under investigation**."

- 5 -

exclusive jurisdiction over trial in felony cases, except in the case of juvenile offenders as provided by law…"); *see also*, *State v. Lejeune*, 277 Ga. 749, 594 S.E.2d 637 (Ga. 2004).

On January 29, 2008, fifty-eight (58) days after Mr. Hubbard's arrest, the search warrant at issue was signed by a county magistrate and faxed to MySpace. It clearly indicated on its face that it was related to the crime of Enticing a Child for Indecent Purposes in violation of O.C.G.A § 16-6-5 (Doc. 5-1, Ex. B, pp. 29-31). Because Georgia law is clear that a magistrate does not have jurisdiction over this felony offense, it was unreasonable for MySpace to believe that a county magistrate court's authority over ordinance violations with a maximum punishment of six months imprisonment and a $1,000.00 fine extended to the serious felony for which Mr. Hubbard ultimately received a sentence of twenty years to serve to ten years in prison followed by ten years on probation. (Doc. 5-1, Ex. A, pp. 23-27).

In an attempt to create its own self-serving definition of an "equivalent State warrant," MySpace ignores the plain language of the SCA, the analogous federal case law and the analogous state statutes, and instead, asks this Court to assume that "equivalent State warrant" means any state search warrant, rather than one issued by a Court with jurisdiction over the offense under investigation.[4] In support of its argument for an expansive interpretation of court with competent jurisdiction, Defendant cites *United States v. Kaplan*, Crim. No. 06-719, 2009 WL38006277, at * 12 (E.D.P.A. Nov. 13, 2009), which actually found that an appellant judge with jurisdiction over criminal appeals was a court of competent jurisdiction. Interestingly, by

---

[4] Defendant claims that the purpose of having a judge with "jurisdiction over the offense" to issue the warrant – to ensure that an appropriate "responsible judicial officer" scrutinizes the warrant application – is met by a warrant issued by a Georgia Magistrate. It is true that *United States v. Lanza*, 341 F. Supp. 405 (M.D. Fla. 1972), cited by Defendant, states that the purpose is to "describe[] the quality of judicial officer who should pass upon such matters." What Defendant fails to point out, however, is that Georgia Magistrates are not of that quality. Georgia Magistrates need not be attorneys nor even have any legal training; the position may be

analogizing the identical language in 18 U.S.C. § 2510(9)(b) defining a "judge of competent jurisdiction" to be "a judge of any court of general criminal jurisdiction of a State who is authorized by a statute of that State to enter orders authorizing interceptions of wire, oral, or electronic communications," Defendant actually belies its own argument concerning the county magistrate court's authority as Georgia law is clear that only a Georgia superior court judge can issue a warrant for electronic surveillance or interception of wire, oral, or electronic communications. *See* O.C.G.A. §§ 16-11-64, 16-11-64.1 and 16-11-60.

### III.   CONCLUSION

Because the county magistrate court exceeded its authority by issuing a search warrant it was clearly without the power or authority to issue, let alone far beyond its territorial limits, the warrant was invalid on its face.  And, because Defendant has publicly professed its strict adherence to state and federal law with regard to legal process (an allegation Defendant has yet to disavow), there exists a question of fact as to whether MySpace knowingly violated the SCA by honoring a facially invalid warrant.  For these reasons, Defendant's motion to dismiss should be denied.

Dated: April 5, 2011

                Respectfully submitted,

                **HARWOOD FEFFER LLP**

                 *s/ Jeffrey M . Norton*
                Robert I. Harwood
                Jeffrey M. Norton
                488 Madison Ave.
                New York, NY 10022
                Telephone: (212) 935-7400
                Facsimile: (212) 753-3630
                rharwood@hfesq.com
                jnorton@hfesq.com

---

held by any person over the age of 25 with a high school diploma or its equivalent and who has lived in the County for one year. O.C.G.A. § 15-10-22(a).

- 8 -

**LAW OFFICE OF JOSHUA A. MILLICAN, P.C.**
Joshua A. Millican
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com

**BILLIPS & BENJAMIN LLP**
Matthew C. Billips
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
Telephone: (770) 859-0751
Facsimile: (770) 859-0752
billips@bandblawyers.com

**GREENFIELD MILLICAN P.C.**
Lisa T. Millican
607 The Grant Building
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133
lisa.millican@lawofficepc.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> **MYSPACE, INC.,** <br><br> **Defendant.** | Index No.: 11-cv-00433 (LAK) <br><br> **ECF CASE** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this day, I electronically filed Plaintiff's Surreply Memorandum of Law in Response and Opposition to MySpace, Inc.'s Motion to Dismiss with the Clerk of Court in the United States District Court, for the Southern District of New York, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: April 5, 2011

                                               *s/ Jeffrey M . Norton*
                                               Jeffrey M. Norton
                                               **HARWOOD FEFFER LLP**
                                               488 Madison Ave.
                                               New York, NY 10022
                                               Telephone: (212) 935-7400
                                               Facsimile: (212) 753-3630
                                               jnorton@hfesq.com