**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,** | **Index No.: 11-cv-00433 (LAK)** |
| **Plaintiff,** | **ECF CASE** |
| **v.** | |
| **MYSPACE, INC.,** | |
| **Defendant.** | **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION
TO MYSPACE, INC.'S MOTION FOR SANCTIONS UNDER RULE 11**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

I.   INTRODUCTION ................................................................................1

II.   STATEMENT OF FACTS .....................................................................2

III.   ARGUMENT ......................................................................................4

    A.   Defendant's Rule 11 Motion Is Procedurally Defective...........................4

    B.   Because Plaintiff's Claims Have a Basis in Law and Fact, Defendant's
       Rule 11 Motion is Without Merit............................................................5

    C.   Plaintiff's Claim that Defendant Violated the SCA is Not Frivolous....................7

        1.   The SCA Has Two Defenses, Neither of Which are Applicable
           Here....................................................................................7

        2.   The Cases Cited by Defendant are all Distinguishable: Four of the
           Five Involved Federal Not Out-of-State State Process ...............................8

        3.   The Only SCA Case Dealing With a Disclosure Pursuant to an
           Out-of-State State Search Warrant Supports Plaintiff as It Also
           Involved a Facially Invalid Warrant ........................................................11

    D.   Defendant's Rule 11 Motion Was Filed for an Improper Purpose ........................12

IV.   CONCLUSION....................................................................................14

i

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                    **<u>Page</u>**

*Abdelhamid v. Altria Group, Inc.*,
    515 F. Supp. 2d 384 (S.D.N.Y. 2007) ............................................................5, 6

*Ario v. Underwriting Members of Syndicate 53 at Lloyds*,
    618 F.3d 277 (3d Cir. 2010)............................................................................12

*Bansal v. Microsoft Hotmail*,
    267 Fed. Appx. 184 (3d Cir. 2008) ..............................................................9, 10

*Bansal v. Server Beach*,
    285 Fed. Appx. 890 (3d Cir. 2008) ..................................................................10

*Bansal v. Drug Enforcement Admin.*,
    No. 2:06-cv-3946 (E.D. Pa. Sept. 8, 2006) ......................................................10

*Bansal v. Microsoft Hotmail*,
    No. 2:06-cv-04029 (E.D. Pa. Sept. 16, 2006) ...............................................9, 10

*Bansal v. Pavlock*,
    No. 2:07-cv-703 (E.D. Pa. Feb. 23, 2007)........................................................10

*Bansal v. Russ*,
    No. 2:06-cv-4264 (E.D. Pa. Sept. 22, 2006) .....................................................10

*Bansal v. Server Beach*,
    No. 2:06-cv-03932-NS,
    (Microsoft's MTD) (E.D. Pa. Feb. 23, 2007) ...............................................9, 10

*Bansal v. Server Beach*,
    No. 2:06-cv-3932 (E.D. Pa. Oct. 13, 2006) .....................................................10

*Castro v. Mitchell*,
    727 F. Supp. 2d 302 (S.D.N.Y. 2010) ...............................................................4

*E. Gluck Corp. v. Rothenhaus*,
    252 F.R.D. 175 (S.D.N.Y. 2008) ........................................................ 1, 5, 12-13

*Freedman v. Am. Online, Inc.*,
    325 F. Supp. 2d 638 (E.D. 2004) ............................................................6, 7, 11

*Gal v. Viacom Int'l, Inc.*,
    403 F. Supp. 2d 294 (S.D.N.Y. 2005)...................................................................4

*In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*,
    157 F. Supp. 2d. 286 (S.D.N.Y. 2001) ...............................................................8

*Jayne v. Sprint PCS*,
    2009 U.S. Dist. LEXIS 13080 (E.D. Cal. Mar. 26, 2009) .................................10

*Kaye v. Pers. Injury Funding III, LP*,
    2009 U.S. Dist. LEXIS 127230 (S.D. Fla. May 12, 2009) ........................ 13-14

*Koar v. United States*,
    1997 U.S. Dist. LEXIS 15408 (S.D.N.Y. Sept. 2, 1997) ...................................13

*Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida*,
    827 F.2d 1454 (11th Cir. 1987) ..........................................................................1

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
    2006 U.S. Dist. LEXIS 71091 (S.D.N.Y. Sept. 28, 2006) ..................................5

*McReady v. eBay, Inc.*,
    453 F.3d 882 (7th Cir. 2006) ......................................................................10, 11

*Park v. Seoul Broad. Sys. Co.*,
    2008 U.S. Dist. LEXIS 17277 (S.D.N.Y. Mar. 6, 2008) ...................................5

*Storey v. Cello Holdings, L.L.C.*,
    347 F.3d 370 (2d Cir. N.Y. 2003)......................................................................5

## STATUTES

18 U.S.C. § 2701(c) ................................................................................................9

18 U.S.C. § 2702(c)(4) ......................................................................................8, 10

18 U.S.C. § 2703 ..............................................................................................6, 7

18 U.S.C. § 2703(d) ...............................................................................................8

18 U.S.C. § 2703(e) ..........................................................................................7, 10

18 U.S.C. § 2707(e) ................................................................................6, 7, 10, 11

28 U.S.C. § 1915(e)(2)(B)(i) ..................................................................................9

Cal. Penal Code 1524.2(c) ...................................................................................3

Fed. R. Civ. P. 5(b)(2)(A) ..................................................................................4

Fed. R. Civ. P. 5(b)(2)(C) ..................................................................................4

Fed. R. Civ. P. 5(b)(2)(E)...............................................................................3, 4

Fed. R. Civ. P. 11 ..............................................................................................1

Fed. R. Civ. P. 11(c)(2) ...............................................................................2, 3, 4

Fed. R. Civ. P. 15(a)(1)(B) ...........................................................................2, 13

Fed. R. Civ. P. 45(c) ........................................................................................11

Fed. R. Civ. P. 45(d) ........................................................................................11

Plaintiff Cory Hubbard ("Plaintiff"), by and through his undersigned counsel of record, respectfully submits this Memorandum of Law in Response and Opposition to MySpace, Inc.'s motion for sanctions under Fed. R. Civ. P. 11 and in support thereof sets forth as follows:

## I.   __INTRODUCTION__

Defendant's motion is procedurally defective and should be denied on that basis alone. Furthermore, in light of the motion's utter lack of merit and improper purpose, its denial should be compounded by a corresponding levy of sanctions and costs against MySpace, Inc. ("Defendant" or MySpace").  Defendant has used both the threat and the filing of the motion, not as a means to filter a frivolous claim but as a bullying tactic intended to intimidate Plaintiff into withdrawing a legitimate claim in an evolving and uncharted area of law.  This misuse of Rule 11 is in and of itself sanctionable.  *See E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.")(citations omitted).

Indeed, the Advisory Committee notes point out that Rule 11 should not be used "to emphasize the merits of a party's position, to exact an unjust settlement, [or] to intimidate an adversary into withdrawing contentions that are fairly debatable."  *See Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida*, 827 F.2d 1454, 1458 (11th Cir. 1987)(affirming the denial of sanctions where the issues were fairly debatable and not easily resolved, and there was no clear binding precedent).  Defendant has already acknowledged that this case presents issues of first impression, and Plaintiff has made more than an adequate showing that the facts and relevant law support his claims, thereby further clarifying the frivolity of Defendant's motion.

For these reasons, Defendant's motion should be denied.  Further, because Defendant's motion is itself frivolous and brought for an improper purpose, Plaintiff respectfully submits that Defendant should be subjected to an order of sanctions and costs.

## II.    <u>STATEMENT OF FACTS</u>

On January 20, 2011, after a thoughtful and thorough examination of the relevant law and facts underlying the claims in this case, Plaintiff filed his initial Complaint setting forth six claims for relief against Defendant, including a clam for violations of the Stored Communication Act ("SCA").   On February 11, 2011, Defendant filed a Motion to Dismiss and therein threatened to pursue sanctions if Plaintiff failed to withdraw his entire Complaint within two-weeks.  (Docket No. 4, p. 1).  Those threats did not satisfy the requirements of Rule 11(c)(2), in that the safe harbor notice was not  made in a separate motion and did not permit Plaintiff  21 days to respond.  After reviewing Defendant's motion, Plaintiff considered the relative strength of his claims and decided to pursue only Defendant's clear violations of the SCA.  Accordingly, rather than opposing Defendant's motion to dismiss, on February 25, 2011, Plaintiff availed himself of Fed. R. Civ. P. 15(a)(1)(B) and filed his Amended Complaint as of right. (Docket No. 7).

On March 2, 2011, Defendant filed its motion to dismiss the amended complaint and again threatened sanctions if Plaintiff failed to withdraw his remaining claim. (Docket No. 10, p. 2).    Again, such threats did not satisfy the safe harbor obligations prescribed in Rule 11.  On March 4, 2011, Defendant emailed counsel for Plaintiff attaching a purported "draft Rule 11 motion for sanctions" ("Draft Motion").  *See* Jacobson email with Draft Motion annexed hereto as Exhibit A.  The Draft Motion was not served by mail, was not accompanied by a certificate of

service, and at no time did Defendant seek or obtain Plaintiff's counsel's consent to serve it in a manner inconsistent with the requirements of Rules 11(c)(2) and 5(b)(2)(E).

On March 17, 2011, Plaintiff filed his opposition to Defendant's motion to dismiss wherein he laid out the ample factual and legal basis for his SCA claims.  (Docket No. 13).  On March 25, 2011, Defendant filed its reply, abandoning certain arguments and raising new arguments as to the controlling federal and state law. (Docket No. 15)  The reply ignored several critical arguments made by Plaintiff, including those relating to MySpace's own public admissions concerning its strict compliance with state and federal law.   The reply likewise disregarded the fact that Plaintiff established that contrary to Defendant's arguments, California law does not immunize foreign corporations, like MySpace, from liability for SCA violations for accepting out of state faxed warrants, as if they were a California Corporation.   *See* Cal. Penal Code 1524.2(c).

On March 28, 2011, Defendant filed a motion for sanctions pursuant to Rule 11. (Docket No. 17).  Defendant's motion was not the same as the Draft Motion, as required by Rule 11, and included facts, arguments, and legal authority that were not part of the Draft Motion.  Plaintiff was therefore only partially placed on notice of Defendant's arguments, which is contrary to the express language and requirements in Rule 11(c)(2).

On the same day, the Court *sua sponte* issued an order permitting Plaintiff to file a surreply memo of law on two issues raised for the first time in Defendant's reply to its motion to dismiss (*i.e.*, whether the 2009 amendment to the SCA defining "court of competent jurisdiction" alters the relevant analysis, and whether a serious sex offense felony, warranting a 20-year sentence, falls within the ambit of a violation of a county or penal ordinance under Georgia law). (Docket No. 19).  On April 4, 2011, Plaintiff filed his surreply demonstrating: (a) that under any

analysis, the Georgia county magistrate court lacked both subject matter jurisdiction and territorial jurisdiction to issue the warrant; and (b) that the serious felony offense that Plaintiff was investigated for was well outside the magistrate court's jurisdiction over petty offenses included in county and penal ordinances. (Docket No. 20).

### III.   ARGUMENT

#### A.   Defendant's Rule 11 Motion Is Procedurally Defective

A motion for sanctions under Rule 11(c)(2) "must be served under Rule 5."  Fed. R. Civ. P. 11(c)(2).  Service under Rule 5 requires that the motion be served by hand (Fed. R. Civ. P. 5(b)(2)(A)) or by mail (Fed. R. Civ. P. 5(b)(2)(C)), or "by electronic means *if the person consented in writing*" (Fed. R. Civ. P. 5(b)(2)(E)).  (Emphasis added).  In addition, under Rule 11, the motion filed after the 21-day safe harbor period, must be the actual motion served at the outset.  *See Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010)(citing *Roth v. Green,* 466 F.3d 1179, 1192 (10th Cir. 2006) ("Contrary to defendants' arguments ... the plain language of subsection (c)( [2] ) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion."), *cert. denied,* 552 U.S. 814 (2007)); *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005)  ("It does not seem overly demanding to require counsel to comply with the clear directives of Rule 11 when seeking sanctions under that rule.").

Here, because Defendant failed to follow the basic requirements of Rule 11, the motion should be denied.  The Draft Motion, as opposed to the actual motion, was sent via email to Plaintiff's counsel on March 4, 2011. The Draft Motion lacked a certificate of service and was not served by hand, mail, or any other means permitted under Rule 5.  Moreover, Defendant's counsel did not at any time seek or obtain consent from Plaintiff to serve it electronically.  If this

alone were not enough to deny the motion, Defendant also failed to follow Rule 11 when it failed

to file the motion it emailed to ostensibly start the 21-day safe harbor period.  The actual motion

contains facts, arguments and case law that were not contained in the Draft Motion.  For all these

reasons, Defendant's motion for sanctions should be denied.  *See Castro*, 727 F. Supp. 2d at 306

("A motion that fails to comply with the safe harbor provision of Rule 11 must be denied.").

**B.     Because Plaintiff's Claims Have a Basis in Law and Fact, Defendant's Rule 11 Motion is Without Merit**

Sanctions are a drastic remedy reserved for only the most extraordinary circumstances.

*See, e.g., E. Gluck Corp.*, 252 F.R.D. at 178; *Park v. Seoul Broad. Sys. Co*., 2008 U.S. Dist.

LEXIS 17277, at *1 (S.D.N.Y. Mar. 6, 2008); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.,*

2006 U.S. Dist. LEXIS 71091, at *6 (S.D.N.Y. Sept. 28, 2006)("Sanctions should always be a

(very) last resort.").  Whether a claim can survive on the merits is wholly distinct from whether

that claim is frivolous.  *See Abdelhamid v. Altria Group, Inc*., 515 F. Supp. 2d 384, 392

(S.D.N.Y. 2007)("'When divining the point at which an argument turns from merely losing to

losing and sanctionable' courts must 'resolve all doubts in favor of the signer of the pleading.'")

(quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993)). To establish a Rule

11(b)(2) violation, it must be "patently clear that a claim has absolutely no chance of success

under the existing precedents, and where no reasonable argument can be advanced to extend,

modify or reverse the law as it stands." *E. Gluck Corp*, 252 F.R.D. at 178 (quoting *Shin Park v.*

*Seoul Broad. Sys. Co*., 2008 U.S. Dist. LEXIS 17277 (S.D.N.Y. Mar. 3, 2008)); *Storey v. Cello*

*Holdings*, L.L.C., 347 F.3d 370, 388 (2d Cir. 2003) (sanctions should not be imposed unless the

claims are "utterly lacking in support.").  "[T]he extent to which a litigant has researched the

issues and found some support for its theories even in minority opinions, in law review articles,

or through consultation with other attorneys should certainly be taken into account" when

deciding whether sanctions are appropriate.  *Abdelhamid*, 515 F. Supp. 2d at 392.  Clearly, such a drastic remedy is not warranted here.

Plaintiff alleges that MySpace violated the SCA by honoring a facially invalid warrant issued by a county magistrate court in Georgia that neither had the power to issue the warrant outside its jurisdictional boundaries nor had jurisdiction over the particular offense for which Plaintiff was being investigated.  Although Defendant attempted to undermine Plaintiff's theory by analogy (albeit through the use of distinguishable legal authority), it has put forth not a single precedent or statutory provision that controverts those claims.  Indeed, Defendant conceded as much in its motion to dismiss stating that this case presents issues of first impression on the facts presented.  (Def. Mem. at 17).[1]

As this area of law remains largely uncharted, there exist almost no cases interpreting the relevant sections of the SCA.  Unlike Defendant, however, Plaintiff can point to at least one case, *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638 (E.D. 2004), that does support his contention that a facially invalid warrant raises a question of fact as to whether a violation of the SCA was knowing and whether the violation was reasonable under the circumstances.  *Id.* at 648.  Under *Abdelhamid*, this fact alone makes Defendant's motion untenable.  515 F. Supp. 2d at 392.

Defendant argues that Plaintiff's claim fails on its face because: (a) the warrant was valid; and (b) in any event, MySpace, as a matter of law, is entitled to avail itself of the good faith protections under the SCA, 18 U.S.C. §§ 2703 and 2707(e).  However, contrary to Defendant's arguments, Plaintiff has alleged and/or demonstrated in his opposition to the motion to dismiss, that: (a) because the county magistrate court acted entirely without jurisdiction, the warrant was

---

[1]     Page references to the Memorandum of Law in Support of MySpace, Inc.'s Motion to Dismiss the Class Action Complaint are cited as "Def. Mem. at __."

invalid on its face; and (b) because the good faith defense requires a fact-based inquiry and Plaintiff has alleged sufficient facts demonstrating that MySpace knowingly accepted an invalid warrant, there remains a question of fact as to whether 18 U.S.C. §§ 2703 and 2707(e) are applicable.   Accordingly, it is clear that Defendant did not have a proper basis to bring its Rule 11 motion and it should be denied.

**C.**   **Plaintiff's Claim that Defendant Violated the SCA is Not Frivolous**

Even assuming, *arguendo*, Defendant's motion was not fatally flawed for each of the above reasons, because Plaintiff's claim has merit, it should be denied.

**1.**   **The SCA Has Two Defenses, Neither of Which are Applicable Here**

The SCA provides two affirmative defenses to liability -- neither of which affords protection for MySpace in this matter.  18 U.S.C. § 2703(e) provides a defense that **"*[n]o cause of action shall lie*"** against Providers disclosing information under the SCA where the disclosure is "***in accordance with the terms of*** a court order, warrant, subpoena, statutory authorization, or certification **under this chapter**."  (emphasis added).  At the time MySpace received the warrant in the instant matter, a "warrant … under this chapter" was defined as a "warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant."

Alternatively, 18 U.S.C. § 2707(e) permits a Defendant to invoke a "good faith" defense, containing both a subjective component and an objective component.  *Freedman*, 325 F. Supp. 2d at 648 (citing *Jacobson v. Rose*, 592 F.2d 515, 522-24 (9th Cir. 1978)).  The "good faith" defense requires Defendant to show that it both believed it was acting pursuant to a valid warrant and that its belief was reasonable based on the specific circumstances (*i.e.,* the information available to defendant concerning the legality of the process).  *Id.*

- 7 -

2.      **The Cases Cited by Defendant are all Distinguishable: Four of the Five Involved Federal Not Out-of-State State Process**

In its attempt to construe these defenses broadly to apply to MySpace, Defendant cited four cases in its motion to dismiss and one additional case in its Rule 11 motion.[2]  All five of these cases are easily distinguishable from the case at bar as four of the five cases involve federal warrants, federal subpoenas and/or federal orders, and the fifth case involves the statutory authorization for emergency circumstances disclosure contained in 18 U.S.C. § 2702(c)(4). Importantly, none of the cases cited by Defendant involve state search warrants, state subpoenas or state court orders that purport to authorize and compel a disclosure by a provider, such as Defendant, beyond its jurisdictional reach.

For example, Defendant cited *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 157 F. Supp. 2d. 286 (S.D.N.Y. 2001).  What Defendant omits to inform the Court is that this matter involved a properly issued federal order pursuant to 18 U.S.C. § 2703(d), issued by a federal judge, at the request of the United States government.  Conversely, the warrant at issue in the instant matter was a state-level warrant, issued by a county magistrate without authority to require the disclosures provided by MySpace under any circumstances, let alone outside Cherokee County and the state of Georgia.  Unlike the federal *order* in *In re Application of U.S.*, the warrant here was facially invalid.[3]

---

[2]      Although MySpace's Motion for Sanctions pp. 3-4 indicates that MySpace "cited the four prior cases in which the subjects of warrants tried to plead claims under the SCA against providers who disclosed information pursuant to warrants," in fact, only the two *Bansal* cases specifically involved warrants and even then did so tangentially where as set forth *infra*, the Courts in the *Bansal* cases ignored the warrants and instead relied upon the disclosures pursuant to court orders.

[3]      It is important to note that the Federal Rules of Criminal Procedure are far different than the rules governing state warrants or subpoenas.  Stated simply, federal courts have jurisdiction in all districts and territories and a subpoena or warrant does not need to be "domesticated" in

Similarly, Defendant argues that other cases are illustrative when they are factually distinguishable on critical issues, rendering them irrelevant.  For example, in *Bansal v. Microsoft Hotmail*, 267 Fed. Appx. 184 (3d Cir. 2008) (per curiam), the plaintiff contended that Microsoft allegedly accessed his Hotmail email account three times over the course of two seconds on October 20, 2004, and that Microsoft disclosed emails from his Hotmail account to the government.  Both the District Court and the Third Circuit Court of Appeals found that pursuant to 18 U.S.C. § 2701(c), Microsoft Hotmail was excepted from liability for accessing Mr. Bansal's email account because Microsoft Hotmail "is the communications service provider for his email account." *Id.* at 185*; Bansal v. Microsoft Hotmail*, No. 2:06-cv-04029-NS, Doc. 8 (Order) at ¶ j (E.D. Pa. Nov. 5, 2007).  Furthermore, *Bansal* is also distinguishable because the District Court and the Third Circuit Court of Appeals both found that Microsoft Hotmail had an additional defense pursuant to 18 U.S.C. 2707(e) because the disclosures to the government were in compliance with a federal court *order*.[4]  *Bansal v. Microsoft Hotmail*, 267 Fed. Appx. at 185; *Bansal v. Microsoft Hotmail*, No. 2:06-cv-04029-NS, Doc. 8 (Order) at ¶ k (E.D. Pa. Nov. 5, 2007).  Finally, the District Court dismissed Bansal's SCA claim as frivolous and the Third Circuit Court of Appeals dismissed Bansal's appeal as meritless pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), dealing specifically with civil actions by a *pro se* litigant filed *in forma*

---

each state to have force and effect.  To the contrary, absent a state statute (which does not apply in this case), a state court process request needs to be domesticated or issued in each state to have any effect.  Defendant unquestionably knew this.  It likewise knows that federal process has different requirements, yet it erroneously instructs the Court to consider *In re Application of U.S.*, as if it were illustrative of the requirements set forth in the SCA.  It is not.

[4]     In fact, Microsoft Hotmail was actually served with at least one federal grand jury subpoena, five federal search warrants and two federal court orders requesting disclosure of the emails in Bansal's Hotmail account.  *Bansal v. Microsoft Hotmail*, No. 2:06-cv-04029-NS, Doc. 1 (Complaint), pp. 2-3) (E.D. Pa. Sept. 16, 2006); *Bansal v. Server Beach*, No. 2:06-cv-03932-NS, Doc. 13 (Microsoft's MTD) at 4 (E.D. Pa. Feb. 23, 2007).

*pauperis,* not the 18 U.S.C. § 2707(e) good faith defense.   *Bansal v. Microsoft Hotmail*, 267 Fed. Appx. at 185; *Bansal v. Microsoft Hotmail*, No. 2:06-cv-04029-NS, Doc. 8 (Order) at p. 3, ¶ 4 (E.D. Pa. Nov. 5, 2007).

In addition, in *Bansal v. Server Beach*, 285 Fed. Appx. 890, 892 (3d Cir. 2008) (per curiam), where Bansal also sued Microsoft, the District Court and Third Circuit Court of Appeals made the same findings and dismissed the claim against Microsoft and affirmed the dismissal for the same reasons as in *Bansal v. Microsoft Hotmail*. *See Bansal v. Server Beach*, 285 Fed. Appx. at 892; *Bansal v. Server Beach et al.*, No. 2:06-cv-03932-NS, Doc. 27 (Order) at p. 2, ¶¶ 6, 7, and at p. 3, ¶ 3 (E.D. Pa. Nov. 1, 2007).[5]

Defendant also cited *Jayne v. Sprint PCS*, 2009 U.S. Dist. LEXIS 13080, at *13-14 (E.D. Cal. Mar. 26, 2009), but the facts of *Jayne* distinguish it entirely from this case.   In *Jayne*, the court found that the provider, Sprint, was entitled to the defense under § 2703(e) because of the statutory authorization for *emergency circumstances* disclosure contained in 18 U.S.C. § 2702(c)(4).   Defendant does not and cannot contend the emergency circumstances exception applies here.

Finally, unlike the Georgia magistrate court search warrant in the instant matter, in *McReady v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006), another case cited by Defendant, the subpoena in question was purportedly issued by a federal district court on behalf of a defendant

---

[5]     It is also worth noting that Mr. Bansal was a serial litigant in the Eastern District of Pennsylvania, who filed at least five civil lawsuits alleging SCA violations against Microsoft Hotmail, Microsoft Corporation, Server Beach, Reynolds & Reynolds, the Drug Enforcement Agency, numerous DEA agents, numerous FBI agents, the Federal Detention Center in Philadelphia, the U.S. Attorney's Office, and various government attorneys. *See generally Bansal v. Microsoft Hotmail*, No. 2:06-cv-04029 (E.D. Pa. Sept.16, 2006); *Bansal v. Server Beach*, No. 2:06-cv-3932 (E.D. Pa. Oct. 13, 2006); *Bansal v. Russ*, No. 2:06-cv-4264 (E.D. Pa. Sept. 22, 2006); *Bansal v. Drug Enforcement Admin.*, No. 2:06-cv-3946 (E.D. Pa. Sept. 8, 2006); *Bansal v. Pavlock*, No. 2:07-cv-703 (E.D. Pa. Feb. 23, 2007).

in a pending civil lawsuit.  The federal subpoena (again not a state warrant), sought information about a party opponent on matters related to the case, included the case caption and case number, and quoted on its face the entirety of Fed. R. Civ. P. 45(c) and (d), which detail the rights and duties of those subject to a subpoena. *McReady*, 453 F.3d at 892.   Moreover, in finding the plaintiff's abusive and serial litigation efforts frivolous, the Seventh Circuit carefully noted that:

> McCready has abused the judicial process with frivolous litigation. The result has been the harassment of opposing parties, insult to judicial officers, and waste of limited and valuable judicial resources. *Not only have McCready's actions on eBay resulted in the filing of five frivolous lawsuits, but our review of the dockets of the district courts in this circuit reveal McCready has engaged in a pattern of similar behavior against other innocent defendants.*

*Id.* (Emphasis added).   Here, Mr. Hubbard is neither a serial litigator nor making claims unsupported by law.  Although his claim may be novel and untested, it is by no means frivolous.

### 3.      The Only SCA Case Dealing With a Disclosure Pursuant to an Out-of-State State Search Warrant Supports Plaintiff as It Also Involved a Facially Invalid Warrant

The 18 U.S.C. § 2707(e) "good faith" defense relied upon by Defendant requires it to show it was both subjectively and objectively reasonable for it to make the disclosures to law enforcement. *Freedman*, 325 F. Supp. 2d at 648.  In *Freedman*¸ like here, there was no question whether the defendant honored a facially invalid warrant because the warrant was signed by a detective instead of a judge. *Id.* at 641.  Here, there is similarly no question about whether the warrant was facially invalid because it was signed by a county magistrate who also had no legal authority to issue the warrant. Thus, as in *Freedman*, there remains a question of fact as to whether it was subjectively and objectively reasonable under the circumstances for MySpace to honor a facially invalid warrant. *Id.* at 649.

Plaintiff submits that Defendant cannot meet this burden as a matter of law because such determinations necessarily involve fact-based inquiries. Moreover, the Amended Complaint itself includes numerous articles illustrating that MySpace prided itself publicly on strict compliance with legal process – so much so that it set up a unit to comply with the myriad state and federal laws. In fact, as pointed out in the Amended Complaint, MySpace's chief security officer, Hemanshu Nigam, was quoted as stating that "every time a legal process comes in, whether it's a subpoena or a search order, we do a legal review to make sure it's appropriate." Nigam stated further that MySpace accepts law enforcement requests through e-mail, fax, and postal mail, and that it has a 24-hour operations center that tries to respond to requests soon after they have been reviewed *to make sure state and federal laws are being followed*. Having made a public record of fervent and strict adherence to the Electronic Communications Privacy Act and federal and state laws on proper judicial process, there remain significant factual issues as to whether in the instant matter MySpace acted subjectively and objectively in good faith, similarly to those that existed in *Freedman*. Plaintiff submits that MySpace did not.

### D.   Defendant's Rule 11 Motion Was Filed For an Improper Purpose

Defendant's motion fails not only for its procedural deficiency and its lack of merit, but it also violates the ethical underpinnings of Rule 11. Rule 11 imposes a duty on the party seeking sanctions to be circumspect in pursuing such a drastic remedy and to not to use the device for an improper purpose lest it may discourage expansion of the law through creative legal theories. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (Rule 11 "should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.")(citations omitted). For this reason, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *Rothenhaus*,

252 F.R.D. at 179; Advisory Committee Notes; *see also Koar v. United States*, 1997 U.S. Dist. LEXIS 15408, at *2 n.2 (S.D.N.Y. Sept. 2, 1997) ("[T]he making of a frivolous Rule 11 motion can itself result in sanctions against the movant.").   The prevailing party may be entitled to reverse sanctions and costs where the Rule 11 motion "was clearly frivolous, filed for an improper purpose, or not well-grounded in fact or law." *Id.* (citing *Goldberg v. Blue Ridge Farms, Inc.*, 2005 U.S. Dist. LEXIS 42907, at *7 (E.D.N.Y. July 26, 2005)).   According to the Advisory Committee Notes, an improper purpose would include any effort "to emphasize the merits of a party's position, to exact an unjust settlement, [or] to intimidate an adversary into withdrawing contentions that are fairly debatable."

In this case, Defendant has been viciously attacking the Plaintiff and his claims from the outset, threatening sanctions and lodging malicious and sanctimonious personal attacks.   Even after Plaintiff filed his Amended Complaint as of right pursuant to Rule 15(a)(1)(B) – a rule which was drafted for the specific purpose of permitting a complainant to alter and refine claims in response to a motion to dismiss – Defendant did not relent.   The Amended Complaint focused on the clear violation of the SCA and included additional allegations and exhibits showing that MySpace claimed publicly to have an impressive depth of knowledge regarding state and federal process requirements and dedicated significant resources to ensure compliance – allegations Defendant has yet to counter.   Even after Defendant conceded that this case raised unresolved issues of law, and even after Plaintiff filed his opposition to Defendant's Motion to Dismiss in which he further illuminated the legal and factual basis for the claims, Defendant continued to pursue sanctions with the same doggedness.

Defendant is not using Rule 11 for its intended purpose (*i.e.*, to deter patently frivolous litigation) but rather as a mace to give emphasis to its own arguments and to intimidate Plaintiff

into withdrawing his complaint.  Such abuse of process should not be tolerated.  *Kaye v. Pers. Injury Funding III, LP*, 2009 U.S. Dist. LEXIS 127230, at *7 (S.D. Fla. May 12, 2009). Accordingly, because Defendant's motion is itself frivolous and was filed for malicious and improper purposes, Plaintiff seeks costs and sanctions for having to defend the motion.

IV.    **CONCLUSION**

    For the foregoing reasons, Defendant's Rule 11 motion should be denied. Moreover, because the motion itself is frivolous and brought for an improper and malicious purpose, Defendant should be subject to sanctions and costs.

Dated: April 6, 2011

                                Respectfully submitted,

                                **HARWOOD FEFFER LLP**


                                ___*s/ Jeffrey M. Norton*___
                                Robert I. Harwood
                                Jeffrey M. Norton
                                488 Madison Ave.
                                New York, NY 10022
                                Telephone: (212) 935-7400
                                Facsimile: (212) 753-3630
                                rharwood@hfesq.com
                                jnorton@hfesq.com


                                **LAW OFFICE OF JOSHUA A. MILLICAN, P.C.**
                                Joshua A. Millican
                                The Grant Building, Suite 607
                                44 Broad Street, N.W.
                                Atlanta, Georgia 30303
                                Telephone: (404) 522-1152
                                Facsimile: (404) 522-1133
                                joshua.millican@lawofficepc.com

**BILLIPS & BENJAMIN LLP**
Matthew C. Billips
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
Telephone: (770) 859-0751
Facsimile: (770) 859-0752
billips@bandblawyers.com

**GREENFIELD MILLICAN P.C.**
Lisa T. Millican
607 The Grant Building
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133
lisa.millican@lawofficepc.com

*Counsel for Plaintiff*

# EXHIBIT A

**Jeffrey Norton**

| | |
|---|---|
| **From:** | Jacobson, Jeffrey S. [jsjacobson@debevoise.com] |
| **Sent:** | Friday, March 04, 2011 2:35 PM |
| **To:** | Jeffrey Norton; 'joshua.millican@lawofficepc.com'; 'lisa.millican@lawofficepc.com' |
| **Cc:** | Mukasey, Michael B.; Fishbein, Matthew E.; Dankworth, Courtney M. |
| **Subject:** | RE: Hubbard v. MySpace, Inc. |
| **Attachments:** | 2011-03-04 Rule 11 memo (transmitted).pdf |

Counsel,

Attached is the draft Rule 11 motion for sanctions we intend to file in 21 days if, prior to that time, you have not withdrawn your complaint in this matter.

Regards,

Jeffrey S. Jacobson, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6479 (direct dial)
(212) 521-7479 (direct fax)
jsjacobson@debevoise.com

---

**From:** Jeffrey Norton [mailto:jnorton@hfesq.com]
**Sent:** Friday, February 25, 2011 5:04 PM
**To:** Fishbein, Matthew E.; Jacobson, Jeffrey S.; Dankworth, Courtney M.
**Cc:** Joshua A. Millican; Lisa.Millican@lawofficepc.com
**Subject:** Hubbard v. MySpace, Inc.

Counsel,

Attached is a courtesy copy of Plaintiff's Amended Complaint filed earlier today pursuant to FRCP 15(a)(1)(b). The same is being served by regular mail.

Regards,
Jeff

_____



Jeffrey M. Norton
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, New York 10022
tel. 212.935.7400 (ext. 286)
fax 212.753.3630
http://www.hfesq.com

ATTORNEY/CLIENT PRIVILEGED, ATTORNEY WORK PRODUCT. The information in this transmittal may be privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Harwood Feffer LLP immediately at (212) 935-7400 or by return e-mail.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————x

CORY HUBBARD,                                )        11-cv-00433 (LAK)
                                             )
                     Plaintiff,              )        ECF Case
                                             )
         vs.                                 )
                                             )
                                             )
MYSPACE, INC.,                               )
                                             )
                     Defendant.              )
————————————————————————x


**MEMORANDUM OF LAW IN SUPPORT OF**
**MYSPACE, INC.'s MOTION FOR SANCTIONS**
**UNDER RULE 11**


Michael B. Mukasey
Matthew E. Fishbein
Jeffrey S. Jacobson
Courtney M. Dankworth
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000 (phone)
(212) 909-6386 (fax)


*Attorneys for Defendant*
*MySpace, Inc.*


March __, 2011

## PRELIMINARY STATEMENT

Because prisoner Cory Hubbard's claim against MySpace, Inc., under the federal Stored Communications Act (the "SCA"), 18 U.S.C. § 2702 *et seq.*, violates the SCA's explicit grant of immunity from such claims, and is not warranted by existing interpretations of the SCA's immunity provisions or any nonfrivolous argument for extending, modifying or reversing them, the Court should require Hubbard and his counsel to bear MySpace's costs and fees incurred in moving to dismiss his baseless complaint.

Hubbard filed his initial complaint, stating six claims for relief against MySpace, on January 20, 2011.  On February 11, 2011, MySpace moved to dismiss the Complaint pursuant to Rule 12(b)(6), arguing that all of Hubbard's claims were frivolous and notifying him of its intent to pursue Rule 11 sanctions if he did not immediately withdraw the complaint.  Hubbard did not respond to that motion; instead, he withdrew five of his six baseless claims for relief, but filed an amended complaint persisting in his claim for relief under the SCA.

MySpace's renewed motion to dismiss, which it filed on March 2, demonstrated the utter frivolousness of Hubbard's claim.  MySpace incorporates by reference its memorandum of law in support of that motion.  Briefly stated:

- Two provisions of the SCA, 18 U.S.C. §§ 2703 and 2707(e), provide MySpace with an explicit and complete defense to Hubbard's claims arising from MySpace's provision of his electronic communications in response to a court-issued search warrant.  A Georgia court issued a warrant in Hubbard's case after police arrested him at the hotel to which he had lured a 13 year-old girl he befriended online for the purpose of molesting her.

- Hubbard's assertion that the Georgia court lacked "competent jurisdiction" to issue this warrant to a data storage facility in California is contradicted by controlling Supreme Court precedent defining a court's "competency" in terms of *subject-matter* authority, not personal jurisdiction (which a warrant's recipient, in any event, may waive).

- In each of the few occasions where the target of a warrant, like Hubbard, has tried to pursue relief under the SCA, despite the SCA's immunity provisions, courts have dismissed those claims as frivolous.

**ARGUMENT**

**I.      Plaintiff's Statutory Claim Is a Frivolous Legal Position with No Chance of Success.**

Pursuant to Federal Rule of Civil Procedure 11(b)(2), every signed pleading constitutes a representation by the signing attorney to the Court that:

> [T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions [in the filed document] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Certifying attorneys who violate this representation by presenting a frivolous argument are subject to sanctions.   "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

According to the Second Circuit, "[a]n argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands."  *Caisse Nationale De Credit Agricole-CNCA v. Sarasohn*, 28 F.3d 259, 264 (2d Cir. 1994) (citations omitted); *see also Official Publ'ns, Inc. v. Fredericks*, 884 F.2d 664, 670 (2d Cir. 1989) ("Rule 11 is violated when it is patently clear that a claim has absolutely no chance of success.").  Hubbard's complaint fits comfortably within this description, as it blatantly ignores the text of the SCA, which required MySpace to release his communications in response to the Georgia warrant; ignores the Supreme Court's and the Second Circuit's clear definition of a court's "competent jurisdiction," which forecloses any possible basis for his claim; and ignores

the case law interpreting the SCA, which characterized prior claims like Hubbard's as frivolous. He and his attorney should be sanctioned and required to pay MySpace's attorneys' fees.

In *Jackson v. Scotts Co.*, No. 08 Civ. 1064 (LAK), 2008 WL 2117244 (S.D.N.Y. May 14, 2008), this Court granted monetary sanctions against an attorney where she advanced a cause of action specifically contradicted by the statute on which the complaint relied.  *Id.* at *1 ("[T]he Workers' Compensation Law, unlike the New York State Human Rights Law, does not even address, let alone proscribe, employment discrimination on the basis of race or other suspect characteristics.").  The cases cited by the attorney were similarly non-availing: "Not one of these cases even remotely supports such a proposition." *Id.*  Likewise, the "egregious and unjustified neglect" by Hubbard's complaint "of the required statutory elements gives rise to the inference that the action was filed for improper purposes." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 661 (S.D.N.Y. 1996), *citing Chemiakin v. Yefimov*, 932 F.2d 124, 126 (2d Cir. 1991); *see also Katzmann*, 167 F.R.D. at 660-61 ("[W]here claims are so far deficient in alleging statutory requirements . . . , whether the violation is deliberate or merely the result of extraordinarily shoddy research, the filing warrants the imposition of sanctions.").

Further, Hubbard's complaint advances no argument, much less a nonfrivolous argument — nor can any reasonable argument be made — for modifying or reversing the consistent and unassailable interpretation of the SCA's crystal-clear immunity provisions adopted by every court that has addressed the issue.  "[M]ere assertions contrary to existing precedent . . . cannot reasonably be said to constitute a good faith attempt to extend existing law." *Katzman*, 167 F.R.D. at 660.  *See also Pentagen Techs. Int'l. Ltd. v. United States*, 172 F. Supp. 2d 464, 471 (S.D.N.Y. 2001) (granting Rule 11 sanctions where plaintiff failed to offer any credible argument for why the defendant's immunity would not apply or had been waived).

Rule 11 sanctions are particularly appropriate where counsel should have known that there was no possibility of prevailing, given the precedent against the claim and the facts of the plaintiff's claim. *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 139 (S.D.N.Y. 2002); *see also id.* at 141 (calling plaintiff's claims "reformulated conspiracy theories"). In *Weinraub v. Glen Rauch Securities, Inc.*, 419 F. Supp. 2d 507, 519-20 (S.D.N.Y. 2005), the court noted in granting Rule 11 fees that defendant's counsel had spent considerable time trying "to dissuade [plaintiff's] counsel from pursuing these claims." *See also Assoc. of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank of Austria Credianstalt AG*, No. 04 Civ. 3600 (SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (awarding attorney's fees after defendant warned plaintiff that it would seek Rule 11 sanctions if the plaintiff refused to withdraw the lawsuit). When initially faced with six baseless claims for relief, defendant's counsel specifically invoked Rule 11 and requested that the complaint be withdrawn. Hubbard's counsel had ample opportunity to reconsider the complaint, and indeed wisely withdrew five of the six initial claims for relief, but persisted in advocating the SCA claim, which is equally meritless.

In order to determine that Rule 11 sanctions are appropriate, the court need not inquire into the motivations of Hubbard's counsel. "The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003); *Margo v. Weiss*, 213 F.3d 55, 64-65 (2d Cir. 2000) ("As we pointed out in *Simon DeBartolo Group v. Richard E. Jacobs Group*, 186 F.3d 157, 166 (2d Cir. 1999), the 1993 Advisory Committee Note explains that Rule 11(b)(2) 'establishes an objective standard, intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.'").

## II.      Plaintiff's Frivolous Complaint Warrants Monetary Sanctions.

Rule 11(d) prescribes the types and amounts of sanctions a court may impose: "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

The sanctions warranted against Hubbard's complaint should be assessed against Hubbard's counsel.  "Under Rule 11(c)(2)(A), monetary sanctions should be leveled against plaintiff's counsel alone for failure to comply with Rule 11(b)(2)." *Weinraub*, 419 F. Supp. 2d at 519 (awarding full attorney's fees as a sanction for filing a complaint with multiple frivolous claims for relief).

Hubbard's counsel are fully responsible for burdening this court with this frivolous case, and for requiring MySpace to incur fees defending it.  In order to deter similarly frivolous filings in the future, they should be sanctioned for the full cost their baseless lawsuit has imposed.  "A reasonably accurate measure of the harm [the plaintiff] has done is what he has cost his opponent.  This is not an unreasonable method to deter spurious suits and wasteful trial tactics." *Assoc. of Holocaust Victims for Restitution of Artwork & Masterpieces*, 2005 WL 3099592, at *7.

**CONCLUSION**

For the foregoing reasons, the Court should grant MySpace its attorney's fees and costs

under Rule 11 of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        March __, 2011

                                                    DEBEVOISE & PLIMPTON LLP

                                                    By:

                                                    _____
                                                         Michael B. Mukasey

                                                    Michael B. Mukasey
                                                         mbmukase@debevoise.com
                                                    Matthew E. Fishbein
                                                         mefishbe@debevoise.com
                                                    Jeffrey S. Jacobson
                                                         jsjacobs@debevoise.com
                                                    Courtney M. Dankworth
                                                         cmdankwo@debevoise.com
                                                    DEBEVOISE & PLIMPTON LLP
                                                    919 Third Avenue
                                                    New York, NY 10022
                                                    (212) 909-6000 (phone)
                                                    (212) 909-6386 (fax)

                                                    *Attorneys for Defendant*
                                                    *MySpace, Inc.*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,**<br><br>                              **Plaintiff,**<br><br>              **v.**<br><br>**MYSPACE, INC.,**<br><br>                              **Defendant.** | Index No.: 11-cv-00433 (LAK)<br><br><br>**ECF CASE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day, I electronically filed MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO MYSPACE, INC.'S MOTION FOR SANCTIONS UNDER RULE 11 with the Clerk of Court in the United States District Court, for the Southern District of New York, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: April 6, 2011

                          *s/ Jeffrey M. Norton*
                          Jeffrey M. Norton
                          **HARWOOD FEFFER LLP**
                          488 Madison Ave.
                          New York, NY 10022
                          Telephone: (212) 935-7400
                          Facsimile: (212) 753-3630
                          jnorton@hfesq.com