UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――x
CORY HUBBARD,                          )    11-cv-00433 (LAK)
                                       )
              Plaintiff,             )    ECF Case
                                       )
   vs.                                 )
                                       )
                                       )
MYSPACE, INC.,                         )
                                       )
              Defendant.             )
―――――――――――――――――――――――――――x


### MYSPACE'S RESPONSE TO PLAINTIFF'S SURREPLY MEMORANDUM


                Michael B. Mukasey
                Matthew E. Fishbein
                Jeffrey S. Jacobson
                Courtney M. Dankworth
                DEBEVOISE & PLIMPTON LLP
                919 Third Avenue
                New York, NY 10022
                (212) 909-6000 (phone)
                (212) 909-6386 (fax)


                *Attorneys for Defendant*
                *MySpace, Inc.*


April 11, 2011

**ARGUMENT**

Cory Hubbard's surreply memo demonstrates that the parties agree on both issues as to which the Court's Order of March 28, 2011 sought supplemental briefing. Hubbard admits that in January 2008, when MySpace received the search warrant in Hubbard's case, Congress had not yet adopted the current language in 18 U.S.C. § 2703(a). He further admits that the then-governing language in § 2703(a) allowed law enforcement officials to obtain electronic information from service providers by means of "a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant." The parties agree also that Hubbard's felony case could be *tried* only in Georgia Superior Court. MySpace never contended otherwise; its argument was (and is) that Georgia magistrate judges possess authority under state law to issue *search and arrest warrants* in felony cases, such as the one MySpace received.

Having conceded that he cited the wrong, non-governing statutory language in his complaint, Hubbard still argues in his surreply that, under the version of § 2703(a) in effect in 2008, the Cherokee County Magistrate Court lacked authority to issue an "equivalent state warrant." Even were Hubbard correct in his assertion about the Magistrate Court's authority, MySpace still would be immune from Hubbard's suit. Hubbard's assertion, however, is not correct. The Magistrate Court's authority to have issued the warrant to MySpace for Hubbard's electronic information, under both the current and prior legal standards, is quite clear.

The Georgia statute governing magistrates' authority, Ga. Stat. Ann. § 15-10-2(1), states simply and plainly that magistrates "shall have jurisdiction and power over the hearing of applications for and the issuance of arrest and search warrants." The power is not limited to misdemeanor cases that could be *tried* in the Magistrate Court. Although felony cases must be

tried in Superior Court, magistrates have the authority to issue warrants in felony cases, including those involving child molestation. *See, e.g.*, *Adams v. State*, __ S.E.2d __, 2011 WL 364979, at *8 n.2 (Ga. Feb. 7, 2011) (noting that magistrate issued arrest warrant in molestation case); *Ginn v. State*, 667 S.E.2d 712 (Ga. App. 2008) (same, crime of reckless conduct); *State v. Richardson*, 625 S.E.2d 52 (Ga. App. 2005) (same, possession of controlled substance with intent to distribute). *See also Penaranda v. Cato*, 740 F. Supp. 1578, 1579 (S.D. Ga. 1990) (immunizing magistrate from civil rights claim arising from issuance of a warrant for arrest of an alleged child molester). Magistrates' authority to issue search warrants, which arises from the same statutory clause, must be, and is, coextensive. The Rules of the Magistrate Court, *available at http://www.georgiacourts.org/councils/magistrate/B1%20URMC.pdf*, beginning with Rule 22, discuss magistrates' handling of search warrant applications alongside their work on arrest warrants and bail matters, both of which explicitly apply to felony cases.

As an alternative to his futile insistence that magistrates lack authority to issue warrants in felony cases, Hubbard's surreply brief also contends that yet another and previously uncited Georgia statute, Ga. Code Ann. § 16-11-66.1, requires Georgia warrants seeking electronic information to issue from Superior Court. He is wrong about that, too. This statute, which says no such thing, begins by providing that "[a] law enforcement officer, a prosecuting attorney, or the Attorney General may require the disclosure of stored wire or electronic communications, as well as transactional records pertaining thereto, to the extent and under the procedures and conditions provided for by the laws of the United States." Ga. Code Ann. § 16-11-66.1(a). It then requires custodians of this information to provide it "when a requesting law enforcement officer, a prosecuting attorney, or the Attorney General complies with the provisions for access thereto set forth by the laws of the United States." *Id.* § 16-11-66.1(b). When a warrant for this

information is "issued by a judge with jurisdiction over the criminal offense under investigation and to which such records relate," the warrant is given "state-wide application or application as provided by the laws of the United States," *id.* § 16-11-66.1(c).

Magistrate judges have "jurisdiction over the criminal offense under investigation" in their counties for the purpose of issuing search and arrest warrants, as shown above. "Jurisdiction over" does not mean "jurisdiction to adjudicate."  Hubbard has cited no contrary authority, and none exists.  Even were Hubbard correct that the recipient of a magistrate's warrant faxed to a recipient outside Georgia might have defenses to compliance based on territorial jurisdiction, nothing in this section of Georgia law (or any other) precludes the recipient from waiving those defenses, as occurred in the many cases MySpace has cited dismissing claims like Hubbard's as frivolous.

In sum, no case supports Hubbard's claim that the Cherokee County Magistrate Court lacked jurisdiction to issue the search warrant in his case.  Numerous cases, and the plain language of each statute, show that it did.  Moreover, even were the court's statutory authority to have issued the warrant in doubt — and it is not — Hubbard does not and cannot charge MySpace with knowledge of any authority putting in doubt the propriety of MySpace's compliance with the warrant, because no such authority exists.  Indeed, the very purpose of statutory immunity for electronic data custodians under 18 U.S.C. §§ 2703(e) and 2707(e) is to shield them from *post hoc* challenges like Hubbard's.

None of the cases Hubbard cited in his opposition memo, and stresses again in his surreply, supports his assertion that the territorial jurisdiction of an issuing court may provide a basis for overcoming this statutory immunity from suits like his.  In *United States v. Berkos*, 543 F.3d 392, 398 (7th Cir. 2008), the Seventh Circuit held that the requirements of Fed. R. Crim. P.

41(b) *do not* apply to warrants for electronic information issued under 18 U.S.C. § 2703(a), and refused a criminal defendant's request to suppress evidence taken from his internet service provider (ISP). The court in *United States v. Kernell*, No. 3:08-CR-142, 2010 WL 1408437, at *4 (E.D. Tenn. Apr. 2, 2010), agreed, finding that a magistrate from the district where the crime occurred can issue a search warrant to an out-of-state custodian, and finding that "all the cases" on this point held the same way. *See also In re Search of Yahoo, Inc.*, No. 07-3194-MB, 2007 WL 1539971, at *3-*4 (D. Ariz. May 21, 2007) (same, noting that Congress' purpose in allowing nationwide service under § 2703(a) "was to alleviate the burden placed on federal district courts in the Eastern District of Virginia and the Northern District of California where major [ISPs] AOL and Yahoo, respectively, are located").

Hubbard's discussion of *federal* magistrate judges' territorial authority misses the point. The cases he cites stand for the unremarkable proposition that only a magistrate judge from the district where the alleged offense under investigation occurred — and not any magistrate judge in the country — may issue a warrant to be served extraterritorially on a custodian of electronic information. That point is not in dispute. The offense for which Hubbard has been jailed indisputably occurred within Cherokee County, Georgia, from which the search warrant issued. No case has held that a judge issuing a warrant for electronic information must have territorial jurisdiction over the *recipient* of the warrant if the recipient waives jurisdictional defenses, and MySpace's opening and reply briefs demonstrated that every court to have considered the issue has found custodians immune from suit when they have complied with warrants.

## CONCLUSION

This case presents a moving and shrinking target. It started with six baseless claims, five of which Hubbard dropped as soon as MySpace indicated its intent to seek sanctions for

4

frivolous litigation.  His amended complaint, still pleaded in behalf of a putative class, asserts that MySpace's compliance with *any* state court warrant served by fax violates the Stored Communications Act.  That broad and baseless claim, too, seems to have gone glimmering, along with Hubbard's purported status as an adequate and typical class representative with a common claim.  All Hubbard appears to be pressing now is the assertion, unique to him, that the Georgia magistrate who issued the search warrant in his criminal case lacked authority to do so, such that the resulting warrant was, he argues, as "facially invalid" as one without a judge's signature.  Because, for the reasons explained above and in MySpace's prior submissions, he is wrong about that too, what remains of this case should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure of the complaint to state a claim.

Dated:  New York, New York
           April 11, 2011

>DEBEVOISE & PLIMPTON LLP
>By:
>
>**/s/ Michael B. Mukasey**
>     Michael B. Mukasey
>
>Michael B. Mukasey
>     mbmukase@debevoise.com
>Matthew E. Fishbein
>     mefishbe@debevoise.com
>Jeffrey S. Jacobson
>     jsjacobs@debevoise.com
>Courtney M. Dankworth
>     cmdankwo@debevoise.com
>DEBEVOISE & PLIMPTON LLP
>919 Third Avenue
>New York, NY 10022
>(212) 909-6000 (phone)
>(212) 909-6386 (fax)
>
>*Attorneys for Defendant*
>*MySpace, Inc.*

5