**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,** | **Index No.: 11-cv-00433 (LAK)** |
| **Plaintiff,** | **ECF CASE** |
| **v.** | |
| **MYSPACE, INC.,** | |
| **Defendant.** | |

**PLAINTIFF'S POST-HEARING MEMORANDUM IN FURTHER SUPPORT OF**
**PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO DISMISS**

## I.   <u>INTRODUCTION</u>

Following the oral argument held on May 19, 2010 (the "Hearing") on Defendant's Motion to Dismiss (the "Motion"), Plaintiff was granted leave to submit a memorandum addressing an issue raised by the Court concerning the import of legislative history of the 2001 amendment to 18 U.S.C. § 2703; specifically, the Court's focus on language indicating that "jurisdiction" means jurisdiction "over the investigation" rather than, as Plaintiff submits and the statute provides, jurisdiction "over the offense under investigation."  For the reasons set forth herein, Plaintiff submits that the legislative history, to the extent it needs to be considered, does not support such an interpretation.

The difference between jurisdiction *over the offense* under investigation and jurisdiction *over the investigation* is significant and defining in this context.  Whereas the former means that the warrant-issuing court must have jurisdiction to adjudicate the criminal offense, the latter carries no such qualification.  Although, as the Court pointed out, the term "jurisdiction" can have many meanings, Plaintiff submits that so far as the SCA is concerned, the term is well defined by the statute and by relevant case law and is therefore unambiguous.

 After a thorough review of legal precedent, including the hierarchy of binding and persuasive authority, as well as the full legislative history of the relevant sections of the USA PATRIOT Act of 2001, which, *inter alia*, amended 18 U.S.C. § 2703, Plaintiff confirmed that the applicable definition of jurisdiction remains a "courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002).  As set forth in Plaintiff's prior filings[1], because the Cherokee County Magistrate in the State of Georgia is a court of limited jurisdiction that does *not* have the *power* to adjudicate a felony criminal matter,

---

[1]     *See* Plaintiff's Memorandum of Law in Response and Opposition to MySpace, Inc.'s Motion to Dismiss (Doc. 13) and Plaintiff's Surreply Memorandum of Law in Response and Opposition to MySpace, Inc.'s Motion to Dismiss (Doc. 20)

the warrant at issue in the instant matter was invalid on its face and MySpace's disclosure in response thereto violated the SCA.

## II.   <u>ARGUMENT</u>

Although the Court was correct that the language "jurisdiction over the investigation" does appear in the legislative history of 18 U.S.C. § 2703, that language was the result of a mistake that was expressly corrected and clarified in committee because of its vastly different meaning from "jurisdiction *over the offense* under investigation."   Notwithstanding, it is Plaintiff's position that the Court need not go as far as the legislative history to resolve the issue because the statute, controlling case law, and Georgia state law provide sufficient clarity.[2]

### A.     "Jurisdiction Over the Investigation" is Not Contained in the Statute

Section 2703 states unambiguously that warrants may only be issued by courts "with jurisdiction *over the offense* under investigation or equivalent State warrant."  (Emphasis added). Because the plain language of the statute is clear, the inquiry need not go further. *See Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004) ("starting point in discerning congressional intent is the existing statutory text.")(citing *Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432, 438 (1999)). "The preeminent canon of [federal] statutory interpretation requires [a court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.' " *BedRoc Ltd. v. United States,* 541 U.S. 176, 183 (2004) (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992)). Therefore, a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Id.* (citing *Lamie,* 540 U.S. at 534).

Plaintiff concedes that if the statute read instead, "jurisdiction over the investigation," the result here might be different.  Indeed, as Plaintiff's counsel conceded at the Hearing,

---

[2]      Legislative history should be looked to "only to the extent [it] shed[s] a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 568-69 (2005).

magistrate courts in the State of Georgia, while limited territorially to their respective counties, may issue criminal warrants even where they would not otherwise have the power to adjudicate the underlying criminal offense.  However, because the SCA specifies that jurisdiction is limited to courts with jurisdiction "over the offense," the result is necessarily different. As stated previously, only the Georgia Superior Courts have jurisdiction to adjudicate felony offenses such as the ones Plaintiff was under investigation for.  *See* O.C.G.A. § 15-6-8; Ga. Const. art. VI, § IV, para. I ("… superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution. They shall have *exclusive* jurisdiction over trial in felony cases, except in the case of juvenile offenders as provided by law…"); *see also*, *State v. Lejeune*, 277 Ga. 749, 594 S.E.2d 637 (Ga. 2004) (emphasis added).[3]

Georgia also maintains a specific statute providing that the Magistrate Court does not have authority to issue the type of warrant issued in Plaintiff's criminal case.  O.C.G.A. § 16-11-66.1(c) provides that "[s]earch warrants for production of stored wire or electronic communications and transactional records pertaining thereto shall have state-wide application or application as provided by the laws of the United States when issued by a judge with jurisdiction over the criminal offense under investigation and to which such records relate."  Like the SCA, Georgia plainly requires the issuing court to have jurisdiction over the criminal offense, not simply the jurisdiction over the investigation (*i.e.*, the authority to issue search warrants and nothing else).

Plaintiff submits that the plain language of the SCA, read in conjunction with the grant of authority under Georgia law, make it clear that while the Cherokee County Magistrate Court may or may not have had jurisdiction over the *investigation* in this case, it did not, in fact, have

---

[3]     Further to this concession, Plaintiff submits that the claims in this action should be limited to state magistrate courts and the like that do not have authority to adjudicate the offenses under investigation.  As currently plead, the claims relate to all state courts, including those that have jurisdiction to adjudicate the offenses under investigation. Accordingly, Plaintiff respectfully seeks leave to amend the complaint to narrow his claims.

- 3 -

jurisdiction *over the offense* under investigation.  Accordingly, the warrant issued by that court was invalid on its face and MySpace violated the SCA by responding to it.

### B.    The Supreme Court Has Defined Jurisdiction in the Relevant Context

Even if there were any ambiguity in the plain language of the statute, something Plaintiff does not concede, the Supreme Court has clarified jurisdiction in this context.  In *U.S.  v. Cotton*, 535 U.S. at 630, the Supreme Court, in determining whether the court adjudicating over the criminal charges had jurisdiction when the offense was not properly charged in the indictment, defined jurisdiction clearly as "the courts' statutory or constitutional *power* to adjudicate the case."   As noted above, the Cherokee County Magistrate Court's jurisdiction was limited in that it neither had the power to adjudicate the criminal offense for which Plaintiff was being investigated nor the authority to issue the warrant it issued. *See* Ga. Const. art. VI, § III, para. I; O.C.G.A. § 15-10-2; O.C.G.A. § 16-11-66.1(c).

### C.    Federal Case Law Further Supports Plaintiff's Interpretation of the SCA's Jurisdictional Limitations

A handful of federal district courts have also already interpreted the very definition debated at the Hearing.  For example, in *In re Search Warrant*, 2005 WL 3844032, at * 3 (M.D. Fla. Feb. 13, 2006), the court discussed the exact phrase "a court with jurisdiction over the offense" as set forth in 18 U.S.C. § 2703(a).  In doing so, that district court started, appropriately, with the Supreme Court interpretation of "jurisdiction" provided in *U.S. v. Cotton*.  Therein, the court explained that "jurisdiction" could not mean subject matter jurisdiction because that definition would render the other pertinent language in the statute irrelevant and statutory interpretation must not adopt a statutory construction which renders a word superfluous, void or insignificant.  *Id.* at * 4 (citing *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).  By the same token, simply ignoring the words "offense under" would violate the rules of statutory construction.

Statutory interpretation begins with the statute's plain language.  *In the Matter of the Application of the United States of America for a Search Warrant*, 665 F. Supp. 2d 1210 (D. Or. 2009) (finding that H.R. Rep. No. 107-236, pt. 1, at 57 (2001) (*see also* 147 Cong. Rec. H7197-98 (2001) permits the court having jurisdiction over the offense to issue a search warrant; notably failing to mention jurisdiction over the investigation of the offense whatsoever). "Absent clearly expressed Congressional intent to the contrary, the plain language should be conclusive... [(citation omitted)].  The language and design of the statute as a whole may also provide guidance in determining the plain meaning of its provisions."  *United States v. Berkos*, 543 F.3d 392, 396-397 (7th Cir. 2008) (citations omitted)(emphasis added) (not holding, discussing, mentioning or suggesting  that jurisdiction over the offense means jurisdiction over the investigation of the offense); *see also In re Search Warrant*, 2005 WL 3844032, at * 3 (same).

Accordingly, the SCA must be interpreted as it is plainly written.  Here, that means that if the Cherokee County Magistrate Court did not have "jurisdiction over the offense under investigation," any warrant issued by that court was facially invalid for the purposes of the SCA. Plaintiff submits that is the case here.

### D.      The Legislative History Supports Plaintiff's Interpretation of the SCA

Even if the Court had to go as far as the legislative history to interpret the statute, a step Plaintiff respectfully submits is unnecessary, the result would be the same.  At the Hearing, the Court appeared to rely on the House of Representatives' legislative staff summary of H.R. 2975, which inaccurately summarized Section 108 of the bill by stating that 18 U.S.C. § 2703 would be amended to "authorize the court with jurisdiction over the investigation to issue the warrant directly."  *See* H.R. Rep. No. 107-236, pt. 1, at 57 (2001).  What the summary should have said was that the bill would be amended to "authorize the court with jurisdiction over the *offense under* investigation to issue the warrant directly."

This error in the summary prepared by the legislative staff was pointed out by Congressman Berman when he stated that "[t]he summary of 108 put out by the staff says that the court with jurisdiction over the investigation, is the court to issue the warrant directly. That of course doesn't appear in the language in section 108…" H.R. Rep. No. 107-236, pt. 1, at 300 (2001). Mr. Berman thereafter acknowledged that the proposed statute was unambiguously worded as requiring a court with jurisdiction over the offense or more aptly, a court of competent jurisdiction. H.R. Rep. No. 107-236, pt. 1, pp. 300-301 (2001). More importantly, Mr. Berman continued, "Okay. Well, then, all right. *That is very different language than the summary*…" H.R. Rep. No. 107-236, pt. 1 at 300-301 (2001) (emphasis added).

Additional discussions further evidenced the intent to ensure that only courts with jurisdiction "over the offense" had the authority to issue the warrants, and in fact it was made clear that the amendment was not changing anything about State jurisdiction.

> Mr. Frank. "The "or" is the State jurisdiction and here is what comes after the "or." It is 3127(2)(B). The "or" is a court of general criminal jurisdiction of a State authorized by the law of that State to enter orders authorizing the use of a pen register, et cetera, and we are leaving the current statute with regard to State jurisdiction unchanged." H.R. Rep. No. 107-236, pt. 1 at 303 (2001).

> Mr. Scott, "Mr. Chairman, I have two questions, one on the amendment involving the jurisdiction over the offense being investigated. The jurisdiction and venue are sometimes used interchangeably. Is it the legislative intent, Mr. Chairman, that the word "jurisdiction" would include venue?" H.R. Rep. No. 107-236, pt. 1 at 344 (2001).

> Chairman Sensenbrenner "The gentleman from Texas I believe has the answer." H.R. Rep. No. 107-236, pt. 1 at 344 (2001).

> Mr. Smith "Thank you, Mr. Scott. I will try to provide an answer to you. First of all, I am looking at the language under definitions C-1, court of competent jurisdiction, A, where it says any District Court in the United States, including the Magistrate Court or any United States Court of Appeals having jurisdiction over the offense being investigated. That is a narrowing of the definition of venue just to the jurisdiction of the offense, and so in other words venue is not as broad as I think you may think it is." H.R. Rep. No. 107-236, pt. 1 at 344 (2001).

Additionally, the error in the legislative summary was further clarified by Chairman Sensenbrenner when he indicated, "I believe that section 101 defines court of competent

jurisdiction, and 108 references back to that." H.R. Rep. No. 107-236, pt. 1, at 300 (2001).   By addressing the interplay between Sections 101 and 108, Chairman Sensenbrenner clarified that a court with jurisdiction of the offense refers to a court of competent jurisdiction, which as newly defined in 18 U.S.C. § 2711(3), "court of competent jurisdiction" has the meaning given that term in section 3127, which included and includes any Federal court within that definition, without geographic limitation. 18 U.S.C. § 3127(2)(B) defines a "court of competent jurisdiction" as "a court of general criminal jurisdiction of a State authorized by the law of that State to enter orders authorizing the use of a pen register or a trap and trace device…"

Moreover, the Congressional Record for both the House of Representatives and the Senate each provide an accurate analysis of the applicable section of the final reconciled bill concerning what is meant by "jurisdiction". On October 23, 2001, the House Congressional Record indicated that  Section 220, "[p]ermits a single court having jurisdiction over the offense to issue a search warrant for e-mail that would be valid in [sic] anywhere in the United States." 147 Cong. Rec. H7197-98 (2001).  On October 25, 2001 in its summary of Section 220 of the final bill the Senate Congressional Record provided, "[b]oth the House and Senate bills included this provision to amend 18 U.S.C. § 2703(a) to authorize courts with jurisdiction over the offense to issue search warrants for electronic communications in electronic storage anywhere in the United States…" 147 Cong. Rec. S11007 (2001). Finally, from the Senate's FINAL COUNTER-TERRORISM BILL SECTION-BY-SECTION ANALYSIS, "[Section 220] [p]ermits courts to issue search warrants for communications stored by providers anywhere in the country; court must have jurisdiction over the offense." 147 Cong. Rec. S11057 (2001).

Again, because the Georgia Magistrate Court is *not* a court of general criminal jurisdiction (nor a court of competent jurisdiction), but instead is only a court of limited jurisdiction without authority to adjudicate a felony or issue an 18 U.S.C. § 2703 warrant (*see, e.g.,* O.C.G.A. § 16-11-64(c) and 16-11.64.1), the warrant it issued was facially invalid.  As the

warrant was facially invalid, the Court must again address the issue of fact as to whether MySpace can avail itself of the good faith defense. Plaintiff submits that this issue cannot be decided as a matter of law.

## III. **CONCLUSION**

For the foregoing reasons and for those set forth in Plaintiff's filings in opposition of Defendant's Motion, Plaintiff respectfully requests that Defendant's Motion be denied. Alternatively, Plaintiff respectfully seeks leave to replead to narrow the claims as specified above in footnote 3.

Dated: May 26, 2011

Respectfully submitted,

**HARWOOD FEFFER LLP**

_s/ Jeffrey M . Norton_
Robert I. Harwood
Jeffrey M. Norton
488 Madison Ave.
New York, NY 10022
(212) 935-7400
rharwood@hfesq.com
jnorton@hfesq.com

**LAW OFFICE OF JOSHUA A. MILLICAN, P.C.**
Joshua A. Millican
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
 (404) 522-1152
joshua.millican@lawofficepc.com

**BILLIPS & BENJAMIN LLP**
Matthew C. Billips
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0751
billips@bandblawyers.com

**GREENFIELD MILLICAN P.C.**
Lisa T. Millican
607 The Grant Building
44 Broad Street, N.W.
Atlanta, Georgia 30303
 (404) 522-1122
lisa.millican@lawofficepc.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **CORY HUBBARD, individually, and on behalf of a class of all others similarly situated,** | Index No.: 11-cv-00433 (LAK) |
| **Plaintiff,** | **ECF CASE** |
| **v.** | |
| **MYSPACE, INC.,** | |
| **Defendant.** | |

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that this day, I electronically filed PLAINTIFF'S POST-HEARING MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO DISMISS with the Clerk of Court in the United States District Court, for the Southern District of New York, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: May 26, 2011

          *s/ Jeffrey M . Norton*
          Jeffrey M. Norton
          **HARWOOD FEFFER LLP**
          488 Madison Ave.
          New York, NY 10022
          (212) 935-7400
          jnorton@hfesq.com